DAVIS v. HUNTER.

1. When a struck jury is demanded by either party, the list of jurors from which the the striking is to be made must be subject to no good cause of challenge.
2. A bias or prejudice against crime in general, is not such as will constitute a good challenge for cause.
3. After a juror states that he is not sensible of any bias or prejudice in the case, it is not erroneous to refuse a further examination of the juror.

Writ of error to the Circuit Court of Dallas.

TRESPASS by Hunter against Davis, for killing a slave.

At the trial the defendant claimed a struck jury under the statute. [Clay's Dig. 459, § 52.] Accordingly a list of twenty-four jurors, then in attendance on the Court, was furnished to each of the parties. When their lists were furnished the plaintiff claimed the right to purge the pannel for cause, by asking

the questions contained in section 38, page 457, Clay's Digest. This was allowed, and the plaintiff excepted.

One of the jurors named in the lists, was so examined before the plaintiff was required to strike according to the act. On this examination, he answered, that he had formed and expressed an opinion in this case; and was one of the jurors who sat on the defendant's trial, when prosecuted criminally for killing the slave. This juror was set aside for cause, and another placed on the list.

Afterwards, the defendant, without waiving his exceptions, proceeded to examine jurors named in the lists in a similar way, and some were rejected by the Court on his motion.

One of the jurors so examined, said, he felt that he had some bias and prejudice in cases of this kind. He had heard a good time since, from rumor, that the plaintiff's overseer, (the defendant,) had killed one of his slaves, and that he was to be tried for it; but he stated that he knew nothing of the facts and circumstances of the case, and felt no more bias in this, than in suits of a similar character. The defendant's counsel proposed to ask this juror, whether, if the facts should turn out as he had heard them related, his bias and prejudice was such that he felt he could not do the defendant justice. This the Court refused.

Another juror was examined, and in addition to the same questions proposed to be asked the former juror, it was proposed by the defendant to ask this one—whether his bias and prejudice was not such as would induce him to look unfavorably upon circumstantial evidence, and extenuating circumstances in defendant's favor. This was also refused by the Court. The Court refused to exclude the jurors above named for cause, and they were put upon the parties. The defendant excepted to the ruling of the Court, in these several matters, as he did also to the charge of the Court upon the merits; but the latter not being urged at the argument, is unnecessary to be stated. The error relied upon to reverse the judgment is the ruling of the Court in relation to the formation of the jury.

EDWARDS, for the plaintiff in error, cited Clay's Dig. 459, § 52; 457, § 38; 4 Wend. 229; Bac. Ab. Jurors E.; 2 S. & P. 308.

EVANS, contra.

Davis v. Hunter.

GOLDTHWAITE, J.—The questions raised in this case involve to some degree the construction of the 38th and 52d sections of the chapter of the Criminal Code relating to grand and petit jurors. The first of these provides, that in civil cases the Court shall on motion of either party, examine, on oath, any person who is called as a juror therein, to know whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to the juror may introduce any competent evidence in support of the objection; and if it shall appear to the Court, that the juror does not stand indifferent in the cause, another shall be called and placed in his stead, for the trial of the cause. The other directs that in all such cases, sounding in damages merely, or where the amount in controversy shall exceed one hundred dollars, either party at his election, shall be furnished with a list of twenty-four jurors in attendance on such Court; from which a jury shall be obtained, by the parties alternately striking one from the list, until twelve shall be stricken off—the plaintiff commencing: and the jury thus obtained shall not be further challenged for any cause. [Clay's Dig. 457, § 38; 459, § 52.] The defendant complains that the plaintiff was permitted to challenge several jurors for cause, previous to commencing the striking. This we think was proper enough, for it certainly cannot be supposed that he is obliged to submit his case to a prejudiced jury, because the other party has thought proper to demand the privilege of having one struck. The list of jurors from which the striking is to be made, must be composed of individuals who are not subject to any of the exceptions mentioned in the previous section.

2. The jurors whom the Court refused to exclude for cause, do not appear to have had that species of bias or prejudice, which would render them incompetent. If an opinion against violence and crime in general, was to be considered a prejudice sufficient to exclude a juror, it would be very difficult to procure a jury in any case; and here, what the individual spoke of, cannot, by any ingenuity, be made more of, than, that he had only the same bias in this suit than he had in all others of a similar nature. In our opinion this was no good cause of challenge.

18

3. After the juror had stated that he was sensible of no bias or prejudice in the cause, it was not proper for the Court to allow any further examination of the juror on that subject. If it was conceded that the answer, to the question disallowed by the Court, would have been in the affirmative, it would, in our opinion, have furnished no ground for the exclusion of the juror.

We can perceive no error in the points to which our attention has been directed, and the judgment is therefore affirmed.