FRANK RILEY and Another v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

January 12, 1897.

Nos. 10,419—(128).

**Struck Juries—Procedure—Waiver of Objection.**

Laws 1895, c. 328, § 1, providing for struck juries, requires the sheriff to attend at his office at a time designated for striking a jury, and in the presence of the parties or their attorneys, or such of them as attend for that purpose, select, from the number of persons qualified to serve as jurors in the county, 40 such persons as he shall think most indifferent between the parties and best qualified to try such issue; and then the party requiring such jury, his agent or attorney, shall first strike off one of the names, and the opposite party, his agent or attorney, another, and so on, alternately, until each has struck out 12. *Held*, that where a party appears at such time and place, and takes part in striking the names from a list previously prepared by the sheriff, without objection, he waives the right to raise an objection thereafter as to this irregularity, if any, in the manner of thus selecting a struck jury.

**Same—Impartiality.**

*Held*, also, that the trial court should have heard evidence as to the impartiality of the list selected by the sheriff, and then exercised his judgment as to whether it was impartial; and that it was error not to do so.

**Same—Right of Party.**

*Held*, further, that under Laws 1895, c. 328, § 1, a party is entitled to have the jurors called as they stand upon the panel.

[1] Reported in 69 N. W. 718.

Appeal by plaintiff and intervenor, Fire Association of Philadelphia, from an order of the district court for Winona county, Gould, J., denying a motion for a new trial, after a verdict in favor of defendant. Reversed.

*P. Fitzpatrick* and *Brown & Abbott*, for appellants.

*M. B. Webber*, for respondent.

BUCK, J. The plaintiff was the renter of a farm upon which were situate a barn, hay, farm implements, machinery, and straw stack, which he alleges were set on fire by the defendant's locomotive engine through its negligent operation, and by reason of its being out of repair. The property was insured by the intervenor insurance company in the sum of $500, which it paid plaintiff, and it was then permitted to intervene in the action.

Before the trial the defendant's attorney filed a demand for a struck jury, and notice was given to the attorneys for the plaintiff and intervenor that the jury would be struck at the sheriff's office at the hour of 5 o'clock p. m. on September 9, 1895. At that time and place the attorneys for the respective parties assembled, and the sheriff then and there presented to them, from which to strike the jury, two sheets of paper, each containing 40 names, the one paper being a duplicate of the other. These lists of names so presented were prepared by the sheriff hours before the time appointed, and no names upon the said lists were selected in the presence of the attorneys or at the time appointed. The plaintiff and intervenor procured an order to show cause why the said jury panel should not be quashed because none of the names selected as aforesaid were selected at the time appointed, or in the presence of the parties or their attorneys. The defendant's attorneys appeared at the time and place designated for selecting the jurors, but made no objection to the method of their selection. Instead of doing so, they took part in selecting the names; and hence we are of the opinion that they waived any right to raise the objection thereafter as to any irregularity on the part of the sheriff in doing so, although upon the merits of this question we express no opinion.

The plaintiff made a motion to quash the list or panel on the ground (supported by affidavits) that a large number of those selected by the sheriff were, or had been, more or less intimately con-

nected with defendant's counsel as clients, or in a business way, to such an extent as to affect their competency às impartial jurors. The trial court held that he

"Would not make any ruling against the jury on that ground, and it would be useless to make any objection to that, unless [plaintiff] could show that the sheriff had knowledge of that fact when he drew them."

In this the court erred. If the sheriff selects a partial or unfair list,—as, for example, largely of the personal friends or neighbors of one of the parties, or persons who from business interests are presumably biased in favor of one side of the issue to be tried,—it is the duty of the court to set aside the list on a motion in the nature of a challenge to the array, or to quash the panel. Lommen v. Minneapolis G. Co., 65 Minn. 196, 68 N. W. 53. At common law (where a common jury was also returned by the sheriff) a challenge to the array could be made only upon account of partiality or some default in the sheriff. 3 Bl. Comm. 357. But we do not understand that it was necessary to establish affirmatively intentional partiality on his part. If the panel returned by him was in fact composed of partial or otherwise unfit or incompetent jurors, this would be sufficient ground for quashing it without showing intentional wrong on part of the sheriff. Whatever might have been the result of the inquiry, the court ought to have heard the motion on its merits.

Another ground of error assigned by appellant is that the jurors were not called in the order in which they stood upon the panel. The challenge upon this ground was taken in writing to the jury before they were sworn, and this ground was plainly and distinctly made, and the facts duly specified. Thereupon the defendant took exception to the challenge, and the court found the challenge not true. By excepting to the challenge, instead of denying it, its sufficiency was thereby raised, and the facts alleged in the challenge must be deemed to be true. The facts being admitted by the challenge, the court passed upon its sufficiency as a matter of law. Laws 1895, c. 328, § 1, provides the method for selecting a struck jury, and said section further provides that:

"When each party has stricken out twelve names, as aforesaid, the sheriff shall make a fair copy of the names of the remaining sixteen

persons, and certify the same under his hand to be the list of jurors struck for the trial of such cause or proceeding and shall deliver the same to the clerk, who shall thereupon issue and deliver to the sheriff or other officer, a venire facias, with the names in said list contained annexed thereto; and such sheriff or other officer shall summon the persons named, according to the command of such writ; and upon the trial of the cause, the jury so struck shall be called as they stand upon the panel and the first twelve of them who shall appear, and are not challenged for a cause, or set aside by the court, shall be the jury, and shall be sworn to try the issue joined in said cause or proceeding."

We think that this provision of the statute is mandatory. The jurors must be called as they stand upon the panel. This right is not an inconsequential one.

This struck-jury law is one under which many abuses may arise, and to permit jurors to be drawn in a different order from that in which they stand upon the panel is one of them. There is a possibility that the 12 jurors first called will be the ones who will try the case. Upon this possibility either party has a right to rely in striking out the names of the objectionable jurors in the first instance, and he may leave the least objectionable ones at the foot of the list as being the ones less likely to be called as they stand on the panel. To have these objectionable names transposed, and called first, is not in accord with the spirit or letter of the law. It is not a sufficient answer to say that the party may challenge for cause. If the jurors are drawn as they stand on the panel, he may not be compelled to challenge for cause, and to compel him to do so is to run a risk not contemplated by the law itself.

The law is too plain to need interpretation or construction, and it was written for a purpose, and that purpose is expressed in no uncertain terms, and should be given full mandatory force. The trial court therefore erred in holding the challenge not true.

Order reversed, and new trial granted.