# LAKE ERIE & WESTERN RAILROAD COMPANY *v.* McFALL.

[No. 20,437.    Filed December 7, 1905.]

1. PLEADING. — *Complaint.* — *Railroads.* — *Negligence.* — *Setting Fires.*—A complaint alleging that defendant railroad company negligently failed to use "safe and sufficient spark-arresters or other appliances to prevent the emission of sparks" and negligently run its train with a high and unnecessary head of steam, thereby causing the engine to throw out unusually large sparks and coals of fire, setting plaintiff's barn on fire and destroying

Lake Erie, etc., R. Co. v. McFall—165 Ind. 574.

it, sufficiently shows negligence in the operation of the locomotive and negligence in permitting fire to escape and destroy plaintiff's barn, "safe" and "sufficient" being relative terms, and "prevent" being equivalent to hinder, check or retard.   p. 579.

2.  PLEADING.—*Complaint.*—*Theory.*—The complaint in a cause will be considered on the theory given it on the trial below. p. 579.

3.  SAME.—*Negligence.*—*General Averment.*—Where a complaint sets out the facts from which defendant's duty arises, a general averment relative to what was negligently done or omitted is sufficient.   p. 579.

4.  SAME.—*Negligence.*—*Omission of Facts on which Predicated.* —*Motion to Make Specific.*—A complaint which fails to set out the facts on which negligence is predicated is bad, and is not within the rule that a merely indefinite charge must be reached by motion to make more specific.   p. 580.

5.  SAME.—*Complaint.*—*Railroads.*—*Setting Fires.*—The setting of a fire outside of the railroad's right of way by a locomotive being a positive wrong, the complaint must show a negligent management of such locomotive.   p. 580.

6.  SAME.—*Allegations.*—*Form.*—Allegations in a pleading must be direct and positive and not by assumption of the facts.   p. 581.

7.  SAME.—*Complaint.*—*Railroads.*—*Setting Fires across Right of Way.*—A complaint against a railroad company for setting fires outside of its right of way, which fails to allege that the emission of sparks and coals was negligently done or suffered, is bad, every possible presumption being in favor of the company.   p. 581.

8.  SAME.—*Complaint.*—*Railroads.*—*Setting Fires across Right of Way.*—A complaint against a railroad company for setting fires outside of its right of way, which alleges negligence only in the rate of speed, is bad.   p. 582.

9.  APPEAL AND ERROR.—*Overruling Demurrer to Bad Paragraph.* —*Judgment on All.*—The overruling of a demurrer to a bad paragraph of complaint is reversible unless it affirmatively appears that the judgment rests wholly upon the good ones.   p. 582.

10.  SAME.—*Judgment Resting on Good and Bad Paragraphs of Complaint.*—*Interrogatories.*—Where a cause is tried on good and bad paragraphs of a complaint, the presumption is that the judgment is affected by the bad paragraphs, and answers to the interrogatories will not repel this presumption unless they clearly show that the judgment rests exclusively on the good ones.   p. 583.

From Hamilton Circuit Court; *William S. Christian,* Special Judge.

Action by Melissa McFall against the Lake Erie & Western Railroad Company. From a judgment on a verdict for plaintiff for $150, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*John B. Cockrum* and *Shirts & Fertig,* for appellant.

*Dan Waugh, Kane & Kane* and *Gifford & Nash,* for appellee.

GILLETT, C. J.—Action by appellee against appellant to recover damages for alleged negligence in permitting sparks to escape from its locomotive and fall upon the barn of appellee, whereby the barn was set on fire and destroyed. The complaint was in three paragraphs, to each of which a demurrer was overruled. There was an answer in general denial. The jury found in favor of appellee on each paragraph of her complaint, and judgment was rendered for appellee for the amount assessed in the verdict.

It is claimed by counsel for appellant that none of said paragraphs contains a sufficient charge of negligence. The first paragraph alleges that on April 25, 1902, the defendant was operating a line of railroad running east and west through the village of Hobbs, in Tipton county, Indiana; that there was in said village on said day, and for a long time prior thereto had been, a large number of wooden buildings, consisting of houses, stables and other structures, standing on either side of defendant's track and in close proximity thereto, and, among others, that there was a barn or stable owned by plaintiff, of the value of $150, situated about one hundred feet north of said track; that on said day there was a wind blowing from the south or southwest across defendant's track and in the direction of plaintiff's barn or stable; that it was at that time, and it had been for a long time prior thereto, unusually dry, making said building highly inflammable and easily set on fire by sparks or coals

of fire; that on said day defendant, in running its locomotives and trains of cars over its tracks, carelessly, negligently and wrongfully failed and omitted to use safe and sufficient spark-arresters or other proper appliances to prevent the emission of sparks and fire from said locomotives, and negligently, carelessly and wrongfully ran and operated said locomotives at a high and unnecessary head or amount of steam and draft, thereby causing said locomotives to emit and throw out unusually large and dangerous sparks and coals of fire, which said sparks and coals of fire defendant negligently and carelessly suffered and permitted to be so emitted and thrown by said locomotive and carried and spread by said wind off of its right of way and to, upon and against plaintiff's barn or stable, igniting and setting the same on fire, whereby the same was, without any negligence or carelessness on her part, burned and destroyed, to her damage, etc. The paragraph further alleges matter of excuse for failing to set out what mechanism and construction of spark-arrester could or should have been used.

The second paragraph, after alleging the general situation and the condition of drought, as in the first paragraph, and alleging that said conditions were known to the employes of defendant before they had reached or attempted to pass through said village, contains the following: "Yet, notwithstanding all of which, said defendant, its agents and employes, so engaged in operating and running one of its locomotives and passenger-train of cars attached thereto over its track through said town in the afternoon of said day, negligently and carelessly failed and omitted to exercise that degree of care and caution in operating and running said locomotive and train of cars through said village on said day proportionate to the increased danger and risk of setting fire to said building from sparks and coals of fire thrown from said locomotive in running through said village, but negligently and carelessly and wrongfully so ran and

operated said locomotive and train of cars through said village at such a high rate of speed and excessive head and amount of steam, unnecessarily overtaxing the power of said locomotive, thereby causing it to emit and throw out unusually large and dangerous sparks and coals of fire, which the defendant, its agents and employes negligently and carelessly so suffered and permitted to be so emitted and thrown out and carried by said wind off of the defendant's right of way to and against said barn or stable of the plaintiff, thereby igniting and setting the same on fire and completely burning it up and destroying it, without any carelessness or negligence on the part of the plaintiff; that the plaintiff, for the want of sufficient knowledge, is unable to set out the facts constituting the negligence of the defendant more specifically than as herein set out."

The third paragraph is substantially the same as the second in respect to the allegations of preliminary facts, but its allegations concerning negligence are: "That said defendant negligently and carelessly failed and omitted to exercise that degree of care and caution proportionate to the increased risk and hazard on account of the conditions above stated, but carelessly and negligently ran one of its passenger-trains, in the afternoon of said day, over its said track through said town at an unusual and excessive rate of speed; that by reason of which unusual and excessive rate of speed and excessive pressure of steam in said locomotive, great and unusual quantities of dangerous sparks and coals of fire were emitted and thrown from said engine, which said defendant carelessly and negligently suffered and permitted to be so emitted and thrown from said engine and carried and spread by said wind so blowing off of the defendant's right of way and into and against the plaintiff's barn or stable, igniting and setting the same on fire, whereby the same was burned up and totally destroyed, without any carelessness or negligence on the part of the plaintiff."

It is clear that the first paragraph of the complaint contained a sufficient charge of negligence in respect to the operation of the locomotive. It is also our opinion that, considering the entire allegation relative to the spark-arrester, the paragraph mentioned contained a sufficient charge of negligence in permitting fire to escape and destroy appellee's barn. *Chicago, etc., R. Co.* v. *Kreig* (1899), 22 Ind. App. 393. "Safe" and "sufficient" are relative terms when applied to a spark-arresting device, and the word "prevent" was evidently used by the pleader in the sense of to hinder, check or retard. The record discloses that the question whether the spark-arrester in the locomotive which set the fire was of standard pattern and in good order, was fully laid before the jury, and it further appears that the jury was correctly instructed as to the measure of appellant's duty in that respect. The pleading therefore comes to us so thoroughly impressed with the theory which the trial stamped upon it that we do not feel at liberty to assume that it was the purpose of the pleader in effect to treat appellant as an insurer with respect to the sufficiency of the appliance. In other words, it is a case where the construction suggested by us above must be given the pleading, to the end that the theory of the parties below and of the trial court shall be the accepted theory here.

As to the second paragraph, we think it plain that it contained a sufficient allegation of negligence in respect to the operation of the locomotive. It is not to be forgotten that in a case where the facts alleged disclose a duty, the allegation of negligence takes on a technical significance, and that a very general averment relative to what was negligently done or omitted will ordinarily be a sufficient averment of negligence as against a demurrer.

Passing to the third paragraph of the complaint, it is

first to be observed that a complaint for negligence which is not predicated upon any act or omission is bad on demurrer. *Jeffersonville, etc., R. Co.* v. *Dunlap* (1868), 29 Ind. 426; *Cincinnati, etc., R. Co.* v. *Chester* (1877), 57 Ind. 297. This is still a rule of pleading in this State, and it is not to be understood as in conflict with the rule that a merely indefinite statement of the act or omission alleged to have been negligent can only be reached by motion to make more specific. *Duffy* v. *Howard* (1881), 77 Ind. 182; *Town of Rushville* v. *Adams* (1886), 107 Ind. 475; *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647. We must therefore disregard any generalization in said paragraph in respect to negligence that is not coupled with an averment concerning some act or omission.

The paragraph in question can not be held good on the theory that it avers negligence in permitting the fire to escape from the right of way, within the rule declared in the case of *Ohio, etc., R. Co.* v. *McCartney* (1890), 121 Ind. 385, for here it affirmatively appears that the sparks and coals of fire were emitted and thrown from the locomotive and carried by the wind to and against the barn of appellee. In 3 Elliott, Railroads, §1230, it is stated: "Where fires are started off the right of way a recovery is based on some wrong of the company in failing to adopt and use proper machinery and appliances or in unskilfully and negligently managing the same. The gist of the action is negligence in some one of the respects which we have just mentioned. In these cases the condition of the right of way is immaterial, for it is in no way connected with the fire. It is well to bear in mind the different theories on which a recovery is based dependent upon the point where the fire started, for, as we shall hereafter show, different pleadings are required and different proof must be made."

Negligence in respect to the condition of a locomotive, or in the operation thereof, resulting in the throwing of dangerous sparks and coals of fire over the intervening right of

way and upon the adjoining land, thereby setting fire thereon, is not merely passive negligence, but is a positive wrong. *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 9 L. R. A. 750, 22 Am. St. 582. In such a case the proximate cause is the first or efficient cause, and negligence depends upon the condition of the locomotive or the manner in which it is operated. Here it is evident that it was intended to charge negligence in respect to the management of the locomotive. This is the gist of the paragraph, and the mere fact that the pleader unnecessarily added the averment that the company negligently permitted the coals and sparks to be carried by the wind to the plaintiff's barn will not make the paragraph sufficient. It is not to be supposed that the movement of coals of fire and sparks can be controlled when they are flying upon the wings of a strong wind.

Taking up the question of the sufficiency of the paragraph in respect to the operation of the locomotive, it is first to be observed that it is not averred that the locomotive
6. was carrying an excessive pressure of steam. The use of the language relative thereto involves a bald assumption of the existence of the fact which is not averred. *Malott* v. *Sample* (1905), 164 Ind. 645.

In determining whether the paragraph is sufficient we must endeavor to ascertain in what particular, according to the theory of the pleader, the negligence consisted.
7. The averment that an act or omission, concerning which it appears that the defendant owed the plaintiff a duty, was negligently done or omitted is, as above suggested, of technical significance, and in most cases where negligence is a mixed matter of law and fact it is of the last importance to consider whereon negligence is predicated. Here it is to be observed that there is no averment of negligence in the emitting and throwing of great and unusual quantities of dangerous sparks and coals of fire. In the absence of an averment that this was negligently done,

every possible presumption must be in favor of the company in that particular, even as to its want of knowledge or notice that great and unusual quantities of dangerous sparks and coals of fire were being emitted or thrown. The averment of negligence in the paragraph under consideration is clearly based on the running of the train at an unusual and excessive rate of speed. As to this we have to say that as it does not appear that the locomotive was out of order or that it was improperly operated, as by overtaxing it, we are unable to perceive wherein the legal rights of appellee were invaded by the act of appellant in operating its train at an unusual and excessive rate of speed. If there was any violation of duty toward appellee, it must have been in some other particular than the one which has been singled out for the purpose of predicating a charge of negligence upon it. *Michigan Cent. R. Co. v. Anderson* (1870), 20 Mich. 244, 250; *Frankford, etc., Turnpike Co. v. Philadelphia, etc., R. Co.* (1867), 54 Pa. St. 345, 93 Am. Dec. 708; *Riley v. Chicago, etc., R. Co.* (1897), 67 Minn. 165, 69 N. W. 718; *Home Ins. Co. v. Louisville, etc., R. Co.* (1892), 70 Miss. 119, 140, 12 South. 156; Pierce, Railroads, 431. We are forced to the conclusion that the trial court erred in overruling the demurrer to the third paragraph of the complaint.

The fact that the verdict shows that it rests upon the first and second paragraphs of complaint, as well as on the third paragraph, will not avoid a reversal. It is certainly the general rule that a judgment in favor of a plaintiff must be reversed where a demurrer has been overruled to an insufficient paragraph of complaint, unless it is affirmatively shown that the verdict or finding exclusively rests upon a good paragraph or paragraphs. *Wolf v. Schofield* (1871), 38 Ind. 175; *Bailey v. Troxell* (1873), 43 Ind. 432; *Schafer v. State, ex rel.* (1875), 49 Ind. 460; *Pennsylvania Co. v. Holderman* (1879), 69 Ind. 18; *Ethel*

v. *Batchelder* (1883), 90 Ind. 520; *Rowe* v. *Peabody* (1885), 102 Ind. 198; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332.

It is contended by appellee's counsel that the answers to interrogatories are equivalent to a special verdict or finding on the first and second paragraphs of the complaint, and that therefore it is affirmatively shown by the record that appellant was not prejudiced by the ruling on demurrer. Where a material error has found its way into a cause, the presumption must be, in the absence of a clear showing to the contrary, that the judgment was in some degree a product of such error. *Gipe* v. *State* (1905), *ante,* 433, and authorities cited. In the circumstances of this case it must be assumed that both the jury and the court proceeded upon the assumption that negligence might be predicated solely upon the operation of the locomotive at an unusual and excessive rate of speed.

We are of opinion that the answers to interrogatories are not sufficient to repel the hostile inferences against them arising from the fact that the verdict is affirmatively shown partially to rest on a paragraph of complaint which does not state a cause of action. To permit a jury to try a cause upon an insufficient paragraph of complaint is erroneous and almost necessarily harmful. *Belt R., etc., Co.* v. *Mann* (1886), 107 Ind. 89. As to the court, which had its own function to perform, in determining whether the motion for a new trial should be overruled and judgment awarded on the verdict, there can be no assurance that its acts were not based upon the assumption that there was a cause of action made out under the third paragraph of the complaint.

Judgment reversed, with a direction to sustain the demurrer to said paragraph of complaint.