(123 So. 57)

## SMITH v. LOUISVILLE & N. R. CO.
### (6 Div. 455.)

Supreme Court of Alabama. June 6, 1929.

Rehearing Denied June 27, 1929.

678

W. A. Denson, of Birmingham, for appellant.

· McClellan & Stone and J. W. Patton, all of Birmingham, for appellee.

FOSTER, J. ▮▮▮ At the outset, we are invited to a consideration of the sufficiency of the contributory negligence pleas as answers to the simple negligence count of the complaint. For convenience we will restate some of the principles of the law of pleading which seem to have application. Such plea is not sufficient without stating the facts constituting the contributory negligence relied on. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933, citing a large number of our cases to the same effect. Where the facts alleged import contributory negligence per se, it is not necessary expressly to characterize plaintiff's conduct as such. Hurt v. So. Rwy. Co., 205 Ala. 179, 87 So. 533. If the allegations of fact are consistent with an absence of negligence, the plea should supply the conclusion by alleging that plaintiff's conduct was negligent. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Pace v. L. & N. R. R. Co., 166 Ala. 519, 52 So. 52; B. R. L. & P. Co. v. Borranco, 203 Ala. 639, 84 So. 839; Schmidt v. M. L. & R. Co., 204 Ala. 694, 87 So. 181. When plaintiff's conduct is not per se negligent, but may be so as affected by attendant facts, such facts must be concisely alleged. B. R. L. & P. Co. v. Gonzalez, supra.

■ The facts charged to plaintiff's intestate in plea 2 should not be subjected to any more critical examination than is customary in analyzing the effect of pleas generally. In Hurt v. So. Rwy. Co., supra, this court expressed the view that it imports negligence per se to go upon or attempt to cross a steam railroad track without stopping, looking, and listening. The plea in that case alleged that plaintiff before attempting to cross failed to stop, look, and listen. It was not alleged that he *negligently* did so, yet such failure might have resulted from an act, for which he was not responsible. To so hold would be a refinement of criticism not proper for practical purposes. The allegation ordinarily imports a voluntary act in choosing that course. So, in plea 2, now under consideration, where the statement is made that plaintiff's intestate caught the side of a rapidly moving freight train, we think that it imports a voluntary act, and freedom of choice in doing so, and not subject to the objection that it was consistent with some circumstance for which he was not responsible, whereby it became the prudent thing to do. Such allegation should therefore be construed as importing negligence per se, and without an express statement to that effect. So that, if this plea 2 is treated as a plea of contributory negligence, as the demurrers to it imply, we think it is not subject to the demurrers so addressed to it.

■ While plea 3 charges that the act of plaintiff's intestate was negligent, it does not show in what respect he was negligent in being on defendant's railroad, when from the complaint, presumably admitted in this plea, he had the right to cross this track which was in the city of Birmingham, and at a public crossing, unless he violated some rule of ordinary care or of law in doing so. Did he fail to stop, look, and listen (Hurt v. So. Rwy. Co., supra), or, being conscious of the dangerous approach of the train, did he negligently go upon the track to a dangerous position (Williford v. A. C. L. R. R. Co., 216 Ala. 309, 113 So. 44; Hurt v. So. Rwy. Co., supra; So. Rwy. Co. v. Shelton, 136 Ala. 191, 208, 34 So. 194), or did he violate a city ordinance, or state law (Williams v. A. F. & I. Co., 212 Ala. 159, 102 So. 136; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471), or some other legal duty? In the case of Williford v. A. C. L. R. R. Co., supra, the plea there considered supplied the defect here pointed out as to plea 3, in that it alleged that plaintiff's intestate knew of the approach and dangerous proximity of defendant's train. We think the rules of pleading contributory negligence require some such specific detail of averment.

The court overruled demurrers to these pleas, and we think this was error as to plea 3, but not as to plea 2.

■■ It is next insisted that the court misplaced the burden of proof in charging the jury. It is claimed that this is the effect of that part of the charge which instructs the jury that the burden is on plaintiff to reasonably satisfy the jury of "every material allegation of all or one of the counts of the complaint," and of "every allegation of one or all the counts of the complaint." Count 1 attributes the disaster to negligence in that defendant's "servants or agents negligently caused said train to run against" said intestate and kill him. Count 2 was subsequent negligence after discovery of the peril, and count 3 attributes the disaster to the fact that defendant's "servants or agents wantonly, willfully, or intentionally ran said train against said minor with knowledge," etc. The point is made that this charge violates the rule placing the burden stated in section 9955, Code.

It has, we think, been settled that this statute does not place the burden on defendant as to counts charging willful or wanton conduct or subsequent negligence. C. of Ga. R. R. Co. v. Graham, 218 Ala. 624, 119 So. 654; Lambert v. So. Rwy. Co., 214 Ala. 438, 108 So. 255; Snider v. A. G. S. R. R. Co., 210 Ala. 119, 97 So. 209; L. & N. R. R. Co. v. Jones, 191 Ala. 484, 67 So. 691. But it is well understood that it does have this effect as to a simple negligence count. Carlisle v. A. G. S. R. R. Co., 166 Ala. 591, 52 So. 341; Cent. of Ga. R. R. Co., v. Moore, 200 Ala. 213, 75 So. 971; Ex parte So. Rwy. Co., 181 Ala. 486, 61 So. 881. This court, in considering the effect of such a general statement as that of which complaint is here made, but as contained in a special charge given at the request of defendant has held that there was no reversible error. Cardwell v. L. & N. E. R. Co., 185 Ala. 628, 64 So. 564. We are not now willing to depart from that ruling.

Before the court entered upon the trial appellant demanded a struck jury. Thereupon 24 jurors in attendance were brought into court, and a list made of them. There had been impaneled for the civil division to serve that week seven jury panels, but each one did not consist of 12 men; there were 79 in all. The 24 sent in were from panels 5, 6, and 7. There were 6 from panel 5, who were the last numbered on it, except that number 58 was omitted; also all of panel 6, except number 71; also all of panel 7, consisting of 7 men. Plaintiff's counsel moved the court for jurors on panels 1 and 2. The court overruled the motion, and appellant excepted. It is sufficient to say, as to this motion, that no showing was made that they were not otherwise engaged. Plaintiff's counsel then offered to show that of those sent into court 50 per cent. were interested directly or indirectly in the defendant corporation, and for that reason he challenged the array. The court declined to allow plaintiff to introduce evidence to prove such facts in support of the motion. And the court overruled the motion, and plaintiff excepted. Plaintiff also of-

fered to make proof that there were 16 other jurors in attendance upon the court and not engaged. They were members of panels 1, 2, 3, and 4; and he moved to have them substituted for 16 of the 24 who had been put on the list. The court declined to hear such proof, and overruled the motion, and plaintiff excepted.

Appellant here insists that the court committed reversible error, for that such facts show that the jurors put on his list were *selected* by the jury bailiff and clerk, and were favorable to defendant; that the clerk should have taken the available jurors in the order in which they appear on the jury panels, beginning with those on panel No. 1, and consecutively numbered, instead of beginning at the bottom of the list.

The Acts of 1923, p. 558, provides for a jury bailiff and clerk for the civil division of that court; that he shall have charge and direction of all juries organized and impaneled, to see that they are distributed as needed among the divisions of the court, to act under the direction and general orders of the presiding judge. Under section 8663 of the Code, when a struck jury is demanded, the clerk is required to furnish a list of 24 jurors in attendance from which a jury must be obtained. There is no provision of law to guide the clerk in determining just what 24 names from those in attendance shall be put on the list.

In the absence of such law, the judges of that court, under the authority of section 6689 of the Code, have the right to adopt a rule on the subject. No such rule has been certified to this court in this case (Jefferson County Burial Society v. Scott, 218 Ala. 354, 118 So. 644). Under the act of 1923, supra, the presiding judge of the court could make some general order in that respect, in the absence of a rule adopted by the court. No such general order appears. In fact no proof was made or offered of any system of any nature adopted or in use respecting this subject. Certainly there should be. Section 8637 of the Code provides that "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors." We think that, if the jury bailiff and clerk without observing some fair system, or general order of the presiding judge or rule of court, selects arbitrarily a list of jurors, such situation would be conducive to fraudulent results, within the meaning of section 8637, supra, and should not be tolerated. But this situation is not here presented. There is nothing in the record to show that in designating the 24 jurors the jury bailiff and clerk was not following some fair system, general order of the presiding judge, or rule of the court. This court will, to sustain the trial court, presume that there was such provision made and observed in this instance, in the absence of proof to the contrary, or an offer of such proof.

We cannot therefore put the court in error in respect to the exception above noted. That some of the jurors were interested would not be a sufficient challenge to the entire array. The case of Riley v. Chicago Rwy. Co., 67 Minn. 165, 69 N. W. 718, related to statutes so different from ours we do not consider it an authority opposed to these views.

The court then proceeded to qualify each of the jurors, and appellant challenged many of them for cause, and offered to prove as to each that he was an employé or officer of some large industrial business enterprise which was a heavy shipper over defendant railroad, and that the relations of such employer and the juror with the defendant were such as to disqualify him as a fair and impartial juror in this case. The court refused to allow plaintiff to introduce any evidence in support of said challenge, overruled the challenge, and plaintiff excepted.

We had occasion to refer to this subject in the case of Brown v. Woolverton, 121 So. 404. The facts offered to be shown in the instant case were sufficient to support a challenge for favor, requiring an *investigation* by the court into the question whether the juror was in fact biased, but in themselves they were not sufficient to raise a *presumption* of bias. Calhoun v. Hannan, 87 Ala. 277, 6 So. 291. And the party objecting may introduce any competent evidence in support of the objection. Davis v. Hunter, 7 Ala. 135. This principle applies to struck juries. L. & N. R. R. Co. v. Young, 168 Ala. 551, 53 So. 213. In each instance plaintiff moved for such investigation and offered the proof. Certainly to show a disqualifying bias more must have been shown than the bare fact of employment by or interest in a shipper over defendant's lines. Their relations must have been such as that there was bias or favor in fact as a reasonable inference from all the circumstances or as shown by direct proof. On this issue the court should, we think, have heard evidence and rendered a decision (Brown v. Woolverton, supra), and erred in refusing to do so.

The other assignments of error relate to proceedings on the trial not likely to occur again, and, as we think the judgment of the circuit court should be reversed for the reasons stated, we refrain from treating them.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.