[Nashville, Chattanooga & St. Louis Railway Co. v. Harris.]

# Nashville, Chattanooga & St. Louis Railway Co. *v.* Harris.

| 142 | 249 |
| 143 | 261 |

*Action to recover Damages for Personal Injury.*

1   *Wanton, wilful or intentional negligence; insufficiency of evidence to support count charging same.*—In an action against a railroad company, the affirmative charge should be given against a count, charging wanton, willful or intentional negligence, where the only evidence tending to support same was that the whistle was not sounded nor the bell rung, as the train approached the crossing near which plaintiff was injured.

2.   *Trespass upon railroad track; when child incapable, by reason of tender age, of exercising discretion, may commit.*—A child incapable, by reason of tender age, from exercising discretion may become a trespasser upon the same facts that would impress that character upon a person of legal discretion, and this is true, although the child would be incapable of contributory negligence.

3.   *Same; same; case at bar.*—Where a little child nineteen months old came on the track at the crossing, and, seeing the train, turned up the track, went several feet away from the crossing, stopped and stood gazing at the approaching engine, she became a trespass on the railroad company's track.

4.   *Same; duty of railroad company.*—A railroad company owes no duty to a trespasser upon its track other than to resort to all reasonable means to avoid injuring such trespasser after its servants become aware of the trespasser's presence and peril.

5.   *Failure to give statutory signal at railroad crossing;effect in case of injury to trespasser.*—Where a little child in the act of crossing a railroad track, on the approach of an engine, which had failed to give the statutory signal, turned up the track, approached the engine and thereby became a trespasser, the railroad company is liable for injuries sustained if it be shown that the child would not have entered upon the crossing had the signal been given.

6.   *Same; same.*—Where it is shown that the trespasser would not have heeded the signals if given, failure to give same does not render a railroad company liable for injuries to such trespasser.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

This was an action brought by the appellee, Annie Belle Harris, suing by her next friend, George T. Harris, against the appellant, The Nashville, Chattanooga & St. Louis Railway Company, for damages for personal injuries sustained by appellee. The evidence showed that the plaintiff, who was a little child nineteen months old, was struck by an engine, belonging to plaintiff, at or near a railroad crossing. There were only two eye-witnesses to the accident, the engineer and the fireman. They testified that they saw the child when about one hundred and fifty yards from the crossing; that she came on the crossing and then proceeded up the track ten or twelve feet towards the engine, and then stopped. The train was going about eighteen miles an hour when the child was discovered, and about two miles an hour when she was struck. There was evidence tending to show that the statutory requirement to ring the bell or blow the whistle at the crossing was not complied with. The engineer and fireman testified that as soon as the child was discovered the track was sanded, brakes applied, the engine reversed, and everything in their power done to stop the engine.

The first count of the complaint, as amended, sought to recover, for the "wanton, reckless or intentional negligence" of the engineer ,"who, while operating, managing, and controlling said engine on said road, with reckless, unwarranted and dangerous speed, did wantonly and recklessly strike and run over plaintiff at a road crossing on said railroad." The second count, as amended, averred, in substance, that the plaintiff, who was a child of tender age, incapable of exercising judgment, after having gone upon defendant's track "for the purpose of crossing over or going beyond defendant's railroad at a public crossing," was struck and injured by the locomotive, the negligence complained being the failure to ring the bell or blow the whistle at the crossing. The third count averred that the negligence consisted in the failure of the engineer to "use all means within his power, known to skillful engineers, to stop the train

after the discovery of the plaintiff upon the railroad"; the fourth, that the negligence consisted in "failure to keep a proper lookout on approaching the place where the plaintiff was injured"; the fifth, that it consisted in "the failure to have proper brakes and appliances for stopping the train." The sixth count is a rehearsal of the statements of negligence of the other counts, stating them in the alternative. Defendant demurred to the first count on the ground that same "joined an action for simple negligence with an action for wanton negligence"; that it sought to recover punitive damages when it did not present a case of wanton, willful or intentional negligence; and that it failed to show wherein the speed of the train was reckless. The defendant demurred to the other five counts on the ground that they did not show a cause of action, and because complaint averred that plaintiff was a child incapable of exercising judgment and discretion, and further averred that said child entered upon the railway for the purpose of crossing said track. Defendant also filed separate demurrers to each count. The court overruled defendant's demurrers, and issue was joined on the plea of the general issue and the statute of limitations of one year. Defendant requested the affirmative charge as to each count, which was overruled by the court, except as to the fifth count.

There were verdict and judgment for the plaintiff, assessing her damages at $1,000. The defendant appeals and assigns as error the several rulings of the trial court as to the pleadings and the evidence, to which exceptions were reserved.

OSCAR R. HUNDLEY, for appellant.—Where a count avers wanton negligence and the facts set out show only simple negligence, the count is demurrable.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 367. One standing upon a railroad track, and not crossing it, is a trespasser. *Glass v. M. & C. R. R. Co.,* 94 Ala. 587. The statute requiring ringing of bell or blowing of whistle at crossings is not for benefit of trespassers.

If the engineer did all in his power known to skillful engineers to stop the train as soon as he saw the tres-

passer, he is not guilty of wanton negligence.—*L. & N. R. R. Co. v. Gentry,* 103 Ala. 635.

McCORD & McCORD and J. A. LUSK, *contra.*—An infant under six years of age is not capable of contributory negligence.—*Bay Shore R. R. Co. v. Harris,* 67 Ala. 6. If the operator of the train approaching the crossing, saw the child under circumstances rendering it probable that it would go on the track, failure to so operate the train as to enable them to stop in the event, would not be less than wanton.—*A. G. S. R. R. Co. v. Burgess,* 119 Ala. 555.

McCLELLAN, C. J.—We deem it unnecessary to consider whether the first count of the complaint sufficiently charges willful, wantonness, or the like, since, assuming that it does, we are of opinion that no evidence was adduced on the trial tending to prove such charge. The only eye-witnesses to the occurrence were the fireman and the engineer. They each testified that as soon as the child was seen by them or either of them approaching the track, the track was sanded, the brakes were applied and the engine was reversed—that, in short, everything possible to be done to stop the train before it reached the point where the child came upon the track was promptly done. The speed of the train considered with reference to the place of the accident afforded no basis for an inference of willful, wanton, or reckless misconduct on the part of the engineer. Even if the declaration which the witness Hooper testified the engineer, Lane, made in his presence to the effect that he saw the little child when he was two or three hundred yards away from it, but thought it was a goat, be regarded as evidence in the case for any other purpose than the impeachment of the testimony of Lane given on the trial—which it is not (1 Greenleaf on Evidence, § 461f), it has no legitimate tendency to show that Lane willfully ran against the child, or acted wantonly toward it, or was recklessly indifferent to its safety. There was some evidence tending to show that the whistle was not sounded nor the bell rung as the engine approached the crossing,

[Nashville, Chattanooga & St. Louis Railway Co. v. Harris.]

but this imported nothing beyond simple negligence on the part of the enginemen: standing alone it afforded no predicate for an inference of willfulness or wantonness on their part. The affirmative charge requested by the defendant, against the first count should have been given.

All the evidence goes to show that the little child—a toddling baby nineteen months old—came on the track at the crossing and, seeing the train, turned up the track and after going several feet away from the crossing, stopped and stood looking at the approaching engine. Probably so far as she was capable of intention, the child's purpose when it came onto the track was to cross over and beyond it along the road, and it was open to the jury to so find in line with the averment of the complaint in this connection. But her subsequent course made her a trespasser on defendant's track—none the less so by reason of her tender age, for though she could not be charged with contributory negligence, she may be a trespasser upon the same facts that would impress that character upon a person of legal discretion—and being a trespasser the defendant, from the time she became one, owed her no duty other than to resort to all reasonable means to avoid injuring her after it, i. e., its servants, became aware of her presence and peril. The evidence without conflict showed that this duty was performed by the enginemen; that they did all that was possible to do to stop the engine before striking her.

There was a tendency of the evidence, as we have seen, to show that the statutory signals for the crossing were not given. If there was any room on the evidence for the jury to find that she would not have come upon the crossing had these signals been given, the injury might be ascribed to their negligent pretermission. The jury might have concluded that she was injured in consequence of the failure to give these signals and found against the defendant on that ground, though satisfied that the trainmen were not at fault after she came on the track. But it is not our opinion that there was anything in the evidence to justify such conclusion. To the contrary, the evidence shows affirmatively that the child

had not the least appreciation of the danger of going on the track, that her knowledge of the approach of the train, assuming even that she was capable of such knowledge, made no impression of danger whatever upon her —after seeing she walked toward it, and then stopped, gazing at it from a position in the middle of the track— and a finding that she would have heeded the warning of the crossing signals, had they been sounded, and kept off the track, is not only unwarranted by the evidence, but would be distinctly opposed to every manifestation the circumstances afforded.    To say the least, such a conclusion would be pure speculation and conjecture unsupported by any evidence.    Hence our further conclusion that the affirmative charge requested against those counts of the complaint which charged negligence on the part of the defendant's servants, should have been given:    *The injury is not shown to have resulted from the only negligence of which there is any evidence.*

We deem it unnecessary to discuss other rulings presented by the record.

Reversed and remanded.

TYSON, SIMPSON and ANDERSON, J.J., concurring.