# Southern Ry. Co. v. Forrister.

### Damages for Death of Person on Track.

(Decided Dec. 17, 1908.  48 South. 69.)

1. *Ranlroads; Operation; Injury to Person on Track; Complainl.*— A child as well as an adult may be a trespasser, and ordinarily a railroad company is under no more obligation to keep a lookout for children who may go on the track at a place where they have no right to be than to keep a lookout for adults, and hence, a complaint for death of a child on the track which avers only simply negligence, and which fails to show either that the child was not a trespasser on the track, or that defendant's servant in charge of the train became aware of its perilous situation in time to have prevented the injury, is insufficient against demurrer.

2. *Same; Contributory Negligence; Children.*—The presumption that a person on a railroad track will get off in time to avoid the injury does not extend to a child fifteen months of age, since it would be unreasonable to presume that one of that age would appreciate the peril of an approaching train, or had sufficient judgment or discretion to extricate itself.

3. *Negligence; Contributory Negligence of Parent Not Imputable to Child.*—Contributory negligence of the parents of a fifteen months old child killed by being run over by a train will not be imputed to the child.

4. *Railroads; Operation; Injury to Persons on Track; Contributory Negligence.*—In an action by a personal representative of a fifteen months old child, killed by being run over by a train, the contributory negligence of the child is not available as a defense.

5. *Same; Evidence.*—Testimony as to the frequency of the use of a path by the public along the side of the track where the accident occurred, at and prior to the time of the accident, is admissible as tending to fix a knowledge of the conditions there on the defendant and its servants.

6. *Same; Jury Question.*—Although the engineer testified that he did not see the obstruction on the track, whether or not he did see the person killed on the track was one for the jury, where the tendencies of the other evidence were that the track where the accident occurred was straight for a distance of about two miles in the direction from which the train was approaching, that the accident occurred in the day time, that there was nothing to obstruct the view, and that the engineer was looking ahead.

7. *Same; Negligence of Engineer; Wantonness.*—If the engineer saw the child on the track ahead of the approaching train and with reckless indifference to consequences, neglected to use preventive measures to avoid the injury after discovering the peril, if discovered in time for preventive effort, he was guilty of wanton wrong.

9. *Same; Opinion; Competency.*—Where a witness testified that for two or three years, some twenty years previous to the trial, he had been an engineer, and since that time had observed the operation of trains, and for the past three or four years had lived near the defendant's road and had noticed the operation of trains on that road equipped with the air brake, such witness was competent to give his opinion as to within what distance a train drawing seven or eight cars equipped with air brakes and running at a speed of about thirty-five miles an hour, could be stopped on a straight track with slight up grade.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by William A. Forrister, administrator, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The second count is in the following language: "Plaintiff, William Forrister, as administrator of the estate of Alma Forrister, deceased, claims of the defendant Southern Railway, a corporation, the sum of $1,999 as damages, for that, to wit, on or about the 23d day of October, 1906, plaintiff's intestate was a minor, of the age of 15 months, and on said date the defendant, by its servants and agents, was operating a railroad in this county for the transportation of freight and passengers, that on said date the agents and servants of defendant were then and there running a freight train on defendant's said road near Larkinsville, in this county, and that the engine of said freight train ran against plaintiff's intestate and killed her; and plaintiff avers that the death of intestate was caused by reason of, and as the proximate consequence of, the negligence of the agents and servants of the defendant then and there running said freight train, in this: That plaintiff's intestate was on the track of said railroad, and in danger of being run over by said train; that said agents and servants of defendant saw plaintiff's intestate on said track, and saw the peril of said intestate from said train; and

that after the discovery of the peril of plaintiff's intestate the agents and sevants of defendant negligently ran the engine of said train against said intestate and killed her." (4) Same as 2, down to and including the words "and killed her" where they first occur in said count, and the following: "And plaintiff avers that the place where plaintiff's intestate was killed by said train was a place where the public were accustomed to pass with frequency and in considerable numbers along the track of said railroad at and before the time plaintiff's intestate was killed; that said place of killing was in a thickly populated neighborhood near said town of Larkinsville; that the alleged constant use of said railroad track by the public at said place, and at or about said town, and prior thereto, were facts well known to the agents and servants of defendant in charge of said train; that running a train at a high rate of speed at said time and place, without signals of approach, or without keeping a proper lookout, was dangerous to persons in exposed positions on this track at said time and place; that the agents and servants of defendant then and there in charge of said train negligently maintained great speed in the running thereof at said time and place, without keeping a proper lookout, and by reason of which negligence, and as a proximate consequence thereof, the engine of said train ran against plaintiff's intestate and killed her."

Demurrers to the first count were interposed as follows: "(1) Because it does not appear therefrom that said agents or servants of defendant con'd have stopped said train in time to have prevented the injury. (2) Because it does not appear therefrom that said employes saw intestate in a position of peril in time to have prevented injuring her. (3) Because it seeks to recover for the negligent killing of a traspasser." The following de-

murrers were interposed to count 4: "(1) It appears therefrom that said intestate was a trespasser on the track, and it does not appear that said agents or employes were guilty of any negligence after the discovery of her peril, or were guilty of wantonly or willfully killing her. (2) Under the facts alleged therein, no cause of action is stated for the killing of plaintiff's intestate. (3) It does not appear therefrom that said agents or employes discovered intestate's peril in time to have prevented killing or injuring her."

The other facts sufficiently appear in the opinion of the court. There was judgment for plaintiff in the sum of $900.

HUMES & SPEAKE, for appellant. Under the facts the child is presumed to have been a trespasser, and in order to recover wantonness or negligence after the discovery of peril should be alleged.—*Ensley Ry. Co. v. Chewning*, 93 Ala. 24; *Montgomery v. A. G. S. R. R. Co.*, 97 Ala. 305; *L. & N. v. Hairston*, 97 Ala. 351; *Anniston E. & G. Co. v. Elwell*, 144 Ala. 317; *Gadsden R. R. Co. v. Julian*, 133 Ala. 371. The child was a trespasser.—*N. C. & St. L. v. Harris*, 142 Ala. 247; *H. A. & B. R. R. Co. v. Robbins*, 124 Ala. 113; *Gadsden Ry. Co. v. Julian*, *supra*. Under the following authorities, the allegations are not sufficient.—*Southern Ry. Co. v. Weatherlow*, 44 South. 1019; *L. & N. v. Mitchell*, 134 Ala. 261; *L. & N. v. Brown*, 121 Ala. 221; *L. & N. v. Anchors*, 114 Ala. 492; *M. & C. R. R. Co. v. Martin*, 117 Ala. 267; *G. P. R. R. Co. v. Lee*, 92 Ala. 262. The 1st and 2nd grounds of demurrers should have been sustained.—*Southern Ry. Co. v. Bush*, 122 Ala. 470; *Sou. Ry. Co. v. Stewart*, 45 South. 51; *Sou. Ry. Co. v. Gullatt*, 43 South. 567. The child being under fifteen months old, the recovery is entirely for the benefit of the parent, whether brought under

section 26 or 27 of the Code, and the contdibutory negligence of the parents may be set up in bar of recovery.—*Williams v. S. & N. R. R. Co.*, 91 Ala. 635; *A. G. S. v. Dobbs*, 101 Ala. 219; *A. G. S. v. Burgess*, 116 Ala. 509. Defendant was entitled to the general affirmative charge on the whole case and on the several counts.—*Southern Ry. Co. v. Bunt*, 131 Ala. 591; *Lee's Case*, 92 Ala. 262; *Meador's Case*, 95 Ala. 137; *Stringer's Case*, 99 Ala. 397; *Maddox's Case*, 100 Ala. 618; *Ross's Casae*, 100 Ala. 368; *Peter's Case*, 135 Ala. 533; *Southern Ry. v. Stewart, supra.* Charge 5 should have been given.—*Maddox's Case, supra; Bir. R. & E. Co. v. Brown*, 132 Ala. 431; *Prior v. L. & N.*, 90 Ala. 32; *L. & N. v. Dancey*, 97 Ala. 338. Charge 6 should have been given.—*Lee's Case, supra.*

BILBRO & MOODY, for appellee. The 4th count was amply sufficient.—*A. G. S. v. Guest*, 136 Ala. 348; *Ga. Pac. v. Lee*, 92 Ala. 362; *H. A. & B. R. R. Co. v. Robbins*, 124 Ala. 113; *M. & C. R. R. Co. v. Martin*, 117 Ala. 367; s. c. 131 Ala. 269; *Cent. of Ga. v. Partridge*, 136 Ala. 588. The evidence established beyond dispute the allegations of the second count.—*Southern Ry. v. Shelton*, 136 Ala. 214; *Peters v. Southern Ry. Co.*, 135 Ala. 533; *Cent. of Ga. v. Partridge, supra. Southern Ry. Co. v. Bush*, 122 Ala. 487. The evidence fully justifies the submission of the cause to the jury on the 5th count.—Authorities supra; *Montgomery St. Ry. Co. v. Rice*, 142 Ala. 674.

DOWDELL, J.—Considering the assignments of error in the order in which they are argued by counsel for appellant, the first question presented is on the demurrer to the fourth count of the complaint. The fourth count in terms avers simple negligence, and "fails to

show either that plaintiff's intestate, when injured, was not a trespasser on defendant's track, or that defendant's servants in charge of the train became aware of her perilous position on the track and were thereafter guilty of actionable misconduct."—*Gadsden & Attalla Ry. Co. v. Julian, Adm'r,* 133 Ala. 371, 32 South. 135, and cases there cited. "A child, as well as an adult, may be a trespasser; and ordinarily a railroad company is under no more obligation to keep a lookout for children who, without enticement for which it is responsible, may go on the track at a place where they have no right to be, than to look out for adults."—*Gadsden & Attalla Ry. Co. v. Julian, Adm'r, supra; Highland Ave. & B. R. R. Co. v. Robbins,* 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153; *A. G. S. R. R. Co. v. Moorer,* 116 Ala. 642, 22 South. 900; 3 Elliott on Railroads, § 1259. The demurrer to the fourth count should have been sustained, and the court committed error in overruling it.

The second count is not subject to the grounds of demurrer interposed. It is argued that the engineer had a right, after seeing plaintiff's intestate on the track, to presume that she would get off. It is averred in the count that the deceased was an infant, 14 months and 23 days old, and it is not to be supposed that one of such tender age would appreciate the perilous situation, or have sufficient judgment and discretion to extricate herself. The presumption that one so young would appreciate the peril of an approaching train and avoid it by getting off of the track would be unreasonable. This is not a suit by the parent to recover pecuniary compensation, but the action is in the name of the personal representative of the deceased. If death had not resulted, and the action had been brought by the infant, who is alleged to have been under 15 months of age, neither the contributory negligence of the infant nor that of parents

would have been available as a defense to the action.—
*A. G. S. R. R. Co. v. Burgess,* 116 Ala. 509-515, 22 South.
913. There was no error in sustaining the demurrers to
the pleas of contributory negligence.

The witness Mrs. Forrister, having testified that she
lived near a railroad all of her life and knew "the blows
of an engine, and that there were two long blasts of the
whistle," was competent to testify the meaning of such
signal.

The frequency of travel and the use of the path along
the side of the track by the public where the accident
occurred, at and prior to the time of the accident, was
within the issues; and hence the evidence of the witness
McCutchen as to the frequency of use of the path by the
pubic in 1904 was competent. The purpose of this evi-
dence being to fix a knowledge of conditions on the de-
fendant and its servants, the length of time covered by
the public travel along the path was relevant.

The grounds of objection to the question to the wit-
ness Osborne as to within what distance a train could be
stopped on a straight track with slight upgrade, equip-
ped with air brakes, and drawing seven or eight cars,
and running at a speed of about 35 miles an hour, were
that it called for illegal evidence and that the witness
was not shown to be an expert. The evidence called for
under the issues in the case was relevant, and not illegal.
The witness testified that he had been an engineer for 2
or 3 years on the Louisville & Nashville Railroad, about
20 years ago, and had since that time observed the oper-
ation of trains and for the past 3 or 4 years lived near
the defendant's railroad, and had noticed the trains
operated on that railroad, equipped with air brakes.
We think, under this evidence, the witness was shown to
be qualified to testify his opinion, and the court commit-
ted no error in overruling the objections on the grounds
stated.

The evidence tended to show that the track where the accident occurred was straight for distance of about two miles in the direction from which the train was approaching, and it was in the daytime, with nothing to obstruct the view, and that the engineer was looking ahead. On this state of the evidence it has been repeatedly held by this court that it becomes a question for the jury whether the engineer did or did not see the obstruction on the track, notwithstanding he may testify that he did not see it. If he did see the obstruction, in this case the child, if in fact it was on the track, and that is also a question for the jury, and willfully failed, or with reckless indifference to consequences omitted, to use preventive effort to avoid the injury, after discovery of peril, if discovered in time for preventive effort, he would be guilty of wanton wrong. These were all questions for the jury under the evidence.

What we have said, we think, will be a sufficient guide on another trial; and for the errors indicated the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and McCLELLAN, JJ., concur.