# Southern Railway Co. *v.* Smith.

*Action for Death of Person on Track.*

(Decided June 30, 1909. 50 South. 390.)

1. *Railroads; Injury to Person on Track; Complaint.*—In an action for the death of a child six years old caused by a train, a complaint which alleges that the child was on the track and that the trainmen discovered him in time to avoid injuring him by the exercise of due care and preventive effort, but negligently permitted the train to run upon and kill him, is sufficient; it not being necessary to allege that the trainmen discovered that the child could not or would not extricate himself from peril.

2. *Same.*—A complaint in an action for injuries to an infant or adult struck by a train while on the track must show that the person injured was not a trespasser.

[Southern Railway Co. v. Smith.]

3. *Same.*—In an action for the death of a child struck by a train while upon the track, a complaint alleging that the child was on the track at a place at which numerous person at frequent intervals were passing; that the trainmen discovered his peril in time to avoid injuring him by the exercise of due care, and that they negligently failed to keep a lookout, is demurrable for a failure to allege facts showing that the child was not a trespasser.

4. *Same; Negligence; Presumptions.*—The presumption that one on a railroad track will move off upon seeing a train approaching does not apply to a child only six years old.

5. *Same; Negligence.*—The rule that trainmen need not keep a lookout for trespassers on the track applies to children as well as to adults.

6. *Same; Lookout.*—Where a railroad runs through a populated locality where persons are in the habit of crossing in such numbers and with such frequency that the trainmen have reason to believe that there are persons in exposed positions on the track, the duty is upon them to keep a lookout to avoid injury.

7. *Same; Burden of Proof.*—One suing for the death of a child while on the track has the burden of showing that the trainmen failed to exercise due care after discovering the peril of the child.

8. *Same.*—The provisions of 5473, Code 1907, puts upon the railroad the burden of showing a compliance with the statutory provisions when an injury occurs to persons at any one of the places mentioned in the statute, but if the injury occurs at any other place, such burden is not upon the railroad.

9. *Negligence; Actionable Negligence.*—Actionable negligence is the failure to discharge a legal duty to the person injured, and if there is no duty, there can be no negligence.

10. *Charge of Court; Argumentative.*—A charge asserting that in determining whether the engineer was negligent, the jury must consider not only his duty with reference to persons on the track, but also his duty to the passengers, and the carrying of the United States mail on schedule time, is not only argumentative, but in the absence of evidence that his duties to passengers and the mails conflicted with his duty to persons on the track, is abstract.

11. *Same.*—A charge asserting that the engineer did not discover plaintiff's intestate within the meaning of the complaint in this case, unless or until he became aware that the object he saw on the track was a human being, was properly refused as argumentative.

12. *Same.*—A charge asserting that the fact that persons were accustomed to walk on the track at the place where the child was killed, if known to the trainmen, did not charge them with notice that anyone would likely lie down on the track, nor charge them with notice that a child unable to take care of himself, would be allowed to go unattended upon a track, and that the failure of the engineer to blow the whistle or ring the bell when he saw the child on the track was not negligence, etc., is argumentative and was properly refused.

13. *Railroad; Trespassers; Who Are.*—A child six years old lying down on a railroad track between the rails is a trespasser.

14. *Statutes; Construction; Revision.*—Before the court can adjudge that there has been a change in a statute, the language of the statute as revised, or the legislative intent to change the statute, must clearly appear.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Albert J. Smith, as administrator of Robert Taylor Smith, deceased, against the Southern Railway Company, for damages for the death of the deceased. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 4 is as follows: "Plaintiff, Albert J. Smith, suing as administrator of the estate of Robert Taylor Smith, deceased, claims of the defendant, the Southern Railway Company, a corporation, the sum of $20,000 as damages, for this: On or about the 30th day of July, 1908, the defendant was, by and through its servants and employes, engaged in running and operating locomotives and trains of cars over the Southern Railroad through and past the village of Larkinsville, Jackson county, Ala., and on said date plaintiff's intestate, a child six years of age, was on the track of said railroad at or near said village of Larkinsville, and at such time and place defendant's employes and servants, while operating and running a locomotive and train of cars, and within the scope of their employment, discovered plaintiff's intestate on the track in time to avoid injuring him by the exercise of due care and preventive effort, and after the discovery of such peril negligently propelled or permitted said locomotive to run against and kill plaintiff's intestate, to his damage as aforesaid."

Count 5: Same as 4, down to and including the words, "was on the track of said railroad," and concludes as follows: "That the place where said child was on the track was one in which persons at frequent intervals and in large numbers used said track in passing into and

out of said village of Larkinsville, or in crossing the
railroad; that this fact was known to the employes and
servants in charge of a locomotive and train of cars at
that time; that such employes then and there had good
reason to apprehend that some one or more persons were
on the track; that in the observance of ordinary and
reasonable care, under the circumstances, it was the
duty of those in charge of said locomotive to keep a
lookout for persons on the track at said time and place;
that said employes, acting within the scope of their em-
ployment, negligently failed to keep a lookout for such
person, and as a proximate result of such negligence
said employes, or one or more of them, negligently ran
said locomotive against and killed plaintiff's intestate."

The grounds of demurrer are discussed in the opinion
of the court.

The following charges were refused to the defend-
ant:

"(2) The burden of proof, in so far as count 4 of the
complaint is concerned, is upon the plaintiff to show to
your reasonable satisfaction that defendant's employes,
in charge and control of the engine which killed the
plaintiff's intestate, discovered said intestate on the
track in time to have avoided injuring him by the exer-
cise of due care and preventive effort, and that after the
discovery of such peril they failed to exercise such care
as a reasonably careful man would have exercised to
prevent the injury."  "(7) I charge you that the burden
of proof is on the plaintiff to show to your reasonable
satisfaction that the defendant, whose negligence was al-
leged in the complaint, was guilty of wantonness or will-
fullness in causing the injury.  (8) The burden of proof
is upon the plaintiff, in so far as he seeks to recover un-
der the fifth count, to prove to your reasonable satisfac-
tion the allegations of the fact therein, and that the de-

fendant's employes were guilty of negligence as therein averred. (9) I charge you that plaintiff's intestate was a trespasser on the track, and defendant's employes owed him no duty, except not to injure him negligently after discovering his peril, or not to injure him wantonly or willfully." "(15) The fact, if it be a fact, that people were accustomed to walk along said track at and about the place where plaintiff's intestate was killed, if known to defendant's employes in charge of the train, did not charge him with notice or knowledge that any one would likely lie down on said track. (16) The fact, if it be a fact, that people were accustomed to walk along the track where Robert Taylor Smith was killed did not charge defendant's employes in charge of the train with notice or knowledge that a child unable to take care of itself would be allowed by its parents to go unattended upon the track, or to lie down thereon." "(21) The fact, if it be a fact, that the engineer failed to blow the whistle or ring the bell when he saw the child on the track, would not be negligence which would authorize plaintiff to recover in this case." "(24) The fact, if it be a fact, that the train was running at such a rate of speed as that it could not be stopped in less than 100 yards, would not be such negligence as would entitle plaintiff to a verdict in this case." "(26) Under the evidence in this case, it was not the duty of the defendant's engineer to keep a special lookout for persons on the main track at a place where intestate was killed." "(38) In determining whether the engineer was negligent in the operation and running of the engine at the time of the injuries to plaintiff's intestate, you are to take into consideration, not only the engineer's duty with reference to persons on the track, but also his duty to the passengers on the train, and his duty with reference to carrying the United States mail on schedule

time.   (39) The engineer did not discover the plaintiff's intestate, within the meaning of the complaint in this case, unless or until he became aware that the object he saw on the track was a human being."

PAUL SPEAKE, for appellant.—Under the 4th count, the engineer had a right to presume that the child would get off the track.—*Harris' Case,* 142 Ala. s. c. 44 South. 962; *Robbins' Case,* 124 Ala. 113.   Under the averments of the 5th count, the child was presumed to be a trespasser for whom no lookout was required.—*Southern Ry. Co. v. Forrester,* 48 South. 69; *Chewning's Case,* 93 Ala. 24; *Hodby v. Manistee Mills,* 47 South. 69; *Southern Ry. Co. v. Stewart,* 45 South. 51; *Same v. Gullatt,* 43 South. 577.   The jury had a right to consider the engineer's other duties.—*Southern Ry. Co. v. Stewart, supra; Southern Ry. Co. v. Gullat, supra.*   No special lookout for trespassers is required.—*A. G. S. v. Lynn,* 103 Ala. 139; *Same v. Fulton,* 144 Ala. 333.   The only knowledge that the engineer was chargeable with, was that people walked along or across the track, not that they would lie down.—*Birmingham South. v. Kendrick,* 46 South. 588.   The burden is on the plaintiff to show wantonness or negligence after discovery of peril, and hence, the statute does not apply to trespassers.—*Nave's Case,* 96 Ala. 264; *Nash's Case,* 136 Ala. 177; *Mizell's Case,* 132 Ala. 504; *Harris, Stewart* and *Gullatt Cases, supra.*

VIRGIL BOULDIN, for appellee.—The child being under seven years of age, while a trespasser, was incapable of such fault as constitutes contributory negligence. Hence any failure of duty on the part of defendant, resulting in his death, is actionable negligence.—*Birmingham R., L. & P. Co. v. Jones,* 45 South. 177; *South-*

*ern Railway Co. v. Forrester,* MMS.; *Highland Ave. & B. R. Co. v. Robbins,* 124 Ala. 113; *P. C. & I. Co. v. Brawley,* 38 Ala. 371; *Gov. S. & R. v. Hanlon,* 53 Ala. 70. Where the track is used by persons walking thereon with such frequency, and with the knowledge of the trainmen, that there is reason to apprehend the track in front of the train may not be free from human beings, it is the duty of the trainmen to keep a lookout for such persons.—*Birmingham Ry., L. & P. Co. v. Jones,* 45 South. 177; *Highland, etc., v. Robbins,* 124 Ala 113; *Haley v. K. C. M. & B. R. Co.,* 113 Ala. 113; *Ga. Pac. R. Co v. Lee,* 92 Ala. 271; *M. & C. R. Co. v. Martin,* 117 Ala. 367; 2. Thompson's Negligence 1726; *Crawford v. So. Ry. Co.,* 160 Ga. 870; *Whalen v. Chicago, etc., Ry.,* 41 Am. & Eng. Ry. Cases 558; 21 Am. & Eng. Eucy. L. 472 (5) (473); *Ross v. Mut. St. Ry. Co.,* (Mo) 112 S. W. 9 (12). When the complaint shows facts of circumstances of out of which a duty arose to exercise care toward the person injured, a general averment of negligence is sufficient.—*Armstrong v. Mtgy. St. Ry.,* 123 Ala. 244; *C. of G. R. Co. v. Freeman,* 134 Ala. 354; *L. & N. R. Co. v. Marbury Lun. Co.,* 125 Ala. 283.

SIMPSON, J.—This action was brought by the appellee to recover damages for the death of his intestate, Robert Taylor Smith, alleged to have been caused by the negligence of the defendant in running its train of locomotive and cars.

The first assignment of error insisted on is to the action of the court in overruling the demurrers to the fourth count of the complaint. We think that, when the said count alleges that the employes of the company "discovered the plaintiff's intestate on the track in time to avoid injuring him," the plain and obvious meaning is that they discovered that it was a small child on the

track, and if that was not true, but they merely discovered some object which they did not recognize as a child, that would be proper subject for a plea, and not a demurrer; nor do we think it was necessary for the pleader to allege that the defendant's employes discovered that he could not or would not extricate himself from his perilous position. The presumption that one on a railroad track will move off on seeing a train approaching does not apply to a child only six years old. "It is not to be supposed that one of such tender age would appreciate the perilous position, or have sufficient judgment and discretion to extricate himself."—*So. Ry. v. Forrister, Adm'r.*, 158 Ala. 477, 48 South. 69. There was no error in overruling the demurrer to said fourth count.

The next insistence is that the court erred in overruling the demurrer to the fifth count. This court has frequently held that the employes of a railroad company are not under any obligation to keep a lookout for a trespasser, and that this rule applies equally to children as to grown persons. It has also held that where the road runs through a thickly populated locality, where persons are in the habit of crossing in such numbers and with such frequency, which is known to the person in charge of the train, that he has reason to believe there are persons in exposed positions on the track, he will be held to a knowledge of the probable consequences of maintaining great speed at such places, and must consequently keep a lookout, in order to avoid injury.—*Ga. Pac. Ry. v. Lee*, 92 Ala. 262, 9 South. 230; *Ala. Grt. So. R. R. v. Moorer*, 116 Ala. 642, 645, 22 South. 900; *So. Ry. v. Bush*, 122 Ala. 470, 26 South. 168; *N. C. & St. L. Ry. v. Harris*, 142 Ala. 249, 37 South. 704, 110 Am. St. Rep. 29; s. c. (second appeal) 44 South. 963; *Highland Avenue & Belt R. R. v. Robbins*, 124 Ala. 114, 116,

118, 27 South. 422, 82 Am. St. Rep. 153. This court has also held that, it is necessary in a complaint to aver facts showing that the person injured, whether infant or adult, was not a trespasser.—*Gadsden & Attalla Ry. v. Julian*, 133 Ala. 371, 32 South. 155; *So. Ry. v. Bush, supra*, 112 Ala. 481, 482, 26 South. 168. Where a child 19 months old, in crossing a railroad near a crossing, "turned up the track," she thereby became a trespasser, and the railroad company owed it no duty, save to avoid injuring it after discovery of its peril.—*N. C. & St. L. Ry. v. Harris, supra*. The court, also, in recognizing the duty to keep a lookout in populous localities, said: "But, actionable negligence being a failure to discharge a legal duty to the person injured, if there is no duty there is no negligence. And, even if the defendant owed the duty to keep a lookout for persons rightfully on the track, but owned none to the plaintiff, because he was a trespasser, no action will lie, for the duty must be to the person injured."—*Birmingham Ry., L. & P. Co. v. Jones*, 153 Ala. 157, 45 South. 179, 180; and it has been recently held that a complaint is demurrable because it "fails to show either that plaintiff's intestate, when injured, was not a trespasser on defendant's track, or that defendant's servants in charge of the train became aware of her perilous position on the track, and were thereafter guilty of actionable misconduct."—*So. Ry. v. Forrister, supra*. Count 5 does not allege facts showing that the intestate was not a trespasser. From all that appears in the count, the child may have been lying down on the track, walking up and down thereon, or in various other ways may have been a trespasser, in which case the duty to keep a lookout would not apply. Construing the count strictly against the pleader, the demurrer should have been sustained.

There was no error in the refusal to give charge 38, requested by the defendant. The charge is argumentative and abstract. There was nothing in the evidence tending to show that the engineer's duties to passengers and the United States mails conflicted in any way with his duty to lookout.

Charge 39, requested by the defendant, is argumentative, and was properly refused.

Charge 26, requested by the defendant, was properly refused. While we do not feel called upon to decide that the evidence shows that the place in question was in such frequent and constant use as to require the lookout, yet we are not prepared to say as a matter of law, that it was not.

Charges 16, 15, 24, and 21, requested by the defendant, are argumentative, and were properly refused.

Charges 8, 7, and 2, requested by the defendant, should have been given.

Section 1406, Rev. Code 1867, being a codification of Acts 1851-52, p. 45, made a railroad company liable for all stock killed. Subsequently (Acts 1857-58, p. 15) a railroad company was made liable for injuries to persons or stock from failure to comply with regulations at certain places, and by a later act (Act Jan. 31, 1861, p. 37, § 1) it was provided that the railroad company should be liable for damages to persons or stock from a failure to comply with previous sections, "or any negligence," and that, "whenever stock is killed or injured, the burden is on the railroad to show that the requirements of the preceding sections were complied with, at the time and place when and where the injury was done."—Rev. Code 1867, § 1401. This court held that the effect of these statutes was that, if the injury to stock occurred at one of the places mentioned, the burden was on the railroad company to show compliance

[Southern Railway Co. v. Smith.]

with the statute, if at any other place the burden was on the railroad company to show that it was not the result of negligence.—*M. & O. R. R. Co. v. Williams,* 53 Ala. 595, 599, 600. This last proposition is based upon the fact that the owner cannot know what train killed his stock, or who had charge of it (page 600).

Section 1700 of the Code of 1876 is substantially the same as 1401 of the Code of 1867, and this court held that the statute had been re-enacted with the construction.—*E. T., Va. & Ga. R. R. v. Bayliss,* 74 Ala. 150, 159. Section 1147 of the Code of 1886 is the same, except that the burden of proof in regard to stock killed is placed on the railroad company only when killed or injured "at any one of the places specified in the three preceding sections." The act of Feb. 28, 1887 (Pamph. Acts 1886-87, p. 146), which is copied in a footnote to said section 1147, Code 1886, provides that, "when any person or stock is killed or injured from a failure, etc., or any negligence, the burden of proof * * * is on the railroad company to show the requirements of the preceding section * * * were complied with at the time and place where the injury was done." It will be seen that this is the same as section 1401, Code 1867, except that it is applied to persons as well as stock. It was held, under this act, that the burden is placed upon the railroad company only as to proof of those specific requirements which are mentioned, and that as to all other matters of negligence the burden remains on the plaintiff.—*Ga. Pac. Ry. v. Hughes,* 87 Ala. 610, 616-617, 6 South. 413; *Ala. Grt. So. R. v. McAlpine, etc.,* 75 Ala. 114, 118. The *Hughes Case* was followed as to persons—(*Montgomery & E. R. v. Perryman,* 91 Ala. 413, 416, 8 South. 699); but these cases were overruled, in a stock case—(*Birmingham Mineral Railroad Company v. Harris,* 98 Ala. 326, 332, 13 South. 377), and this last case followed in

*L. & N. R. R. v. Davis,* 103 Ala. 661, 664, 16 South. 10.

Section 3443 of the Code of 1896 provides for the liability on account of persons or stock "resulting from a failure to comply with the three preceding sections, or any negligence on the part of the company or its agents, and then provides that when any person or stock is killed or injured at any one of the specified places the burden is on the railroad to show compliance with the sections and that there was no negligence. The decisions under this section are that, in order to place the burden on the defendant, the plaintiff must prove that the injury occurred at or near a crossing, etc.—*A. G. S. R. v. Boyd,* 124 Ala. 525, 27 South. 408. Section 5476 of the Code of 1907 is a copy of section 3443 of the Code of 1896, except that the words "at any one of the specified places" are omitted, and is therefore a copy of the act of February 28, 1887, except that it also follows section 3443 of the Code of 1896, in adding, to the proof required of compliance with the requirements of the preceding sections, the words "and that there was no negligence."

It will be noticed that, up to the time of the adoption of our present Code, the only requirements were in regard to injuries occurring at the places mentioned in the statute; for, while the act of February 28, 1887, does not have the clause "at any one of the places specified," yet it required only that the burden was on the railroad company to show that the requirements at such places were complied with, and consequently it could not involve any other negligence. It is stated, as a rule of construction of revisory statutes, where there has been an alteration of phraseology, that "the language of the statute as revised, or the legislative intent to change the former statute, must be clear before it can be pronounced that there is a change of such statute in construction and operation," and also, "before the courts can pro-

nounce that the law is changed, the legislative intent to change it must be evident. Language must be employed which is not susceptible of any other just construction." —*Lindsay v. U. S. Savings & Loan Co.,* 127 Ala. 366, 371, 28 South. 717, 51 L. R. A. 393, and authorities cited.

The history of the successive statutes on this subject shows that the matter which the Legislature had in view was only injuries occurring at the places specified, and section 5476 itself places the burden on the railroad company "to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents." There would be no reason in requiring proof of the compliance with the requirements of said sections when the injury occurred at any other place, and it would be impossible to show what place is referred to where the injury occurred between two road crossings. Consequently we hold that the effect of this statute is only to require that, when an injury occurs to persons at any one of the places mentioned in the statute, the burden is on the railroad company to show compliance with the requirements of the statute, and also that there was no other negligence.

Charge 9, requested by the defendant, should have been given. The intestate's brother, Milton Smith, testified that he saw the child walking down the road shortly before the accident, and the engineer testified that when he first discovered him the boy was lying down, between the rails, with his foot or feet over one rail. These facts were not controverted by any other evidence, and they show that the boy was a trespasser.

The judgment of the court is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.