# Whitehead v. St. Louis & S. F. R. R. Co.

## Injury to Person on Track.

(Decided December 21, 1912.   60 South. 930.)

1. *Railroads; Persons on Track; Issues and Evidence.*—Under a count alleging that the enginemen had knowledge that intestate was on the track, but which fails to allege that it was their duty to keep a lookout, a prima facie case in an action for death of a person on the track is not made out by the mere fact that the enginemen could see a long way on the track at the time and place in question.

2. *Same; Trespassers; Negligence.*—A trespasser on a railroad track cannot recover for injuries caused by simple initial negligence.

3. *Same; Wanton Negligence.*—The rule that it is wanton negligence to run trains at a dangerous rate of speed without warning or lookout at certain points where it is known that people are liable to frequent to the extent of making it consciously dangerous to disregard their safety is without application to a sparsely settled district.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by G. B. Whitehead, as administrator, against the St. Louis and San Francisco R. R. Co. for damages for the death of his intestate while upon the track of the defendant.  Judgment for the defendant and plaintiff appeals.  Affirmed.

BEASLEY & WRIGHT, for appellant.  The court was in error in directing a verdict for the defendant under the evidence in this case, as under it the jury were entitled to pass upon the issues raised by the pleading.—

[Whitehead v St. Louis & S. F. R. R. Co.]

*B. R., L. & P. Co. v. Jones,* 153 Ala. 157; *C. of Ga. Ry. Co. v. Partridge,* 136 Ala. 587; 58 Am. Rep. 512; 6 Amer. St. Rep. 421; 10 Am. St. Rep. 872.

BANKHEAD & BANKHEAD, for appellee. The following authorities fully sustain the action of the court in directing a verdict for the defendant under the issues and evidence in this case.—*Western Ry. Co. v. Lazarus,* 88 Ala. 457; *Gullatt v. Sou. Ry. Co.,* 43 South. 577; *Smith v. C. of Ga. Ry. Co.,* 51 South. 792; *Sou. Ry. Co. v. Stewart,* 153 Ala. 133; *Same v. Drake,* 166 Ala. 540.

ANDERSON, J.—The counts in this case proceed upon the theory that the defendant's servants ran over or upon the plaintiff's intestate after discovering his peril, or that they wantonly or willfully ran over or upon him.

It may be assumed that the intestate was killed by the defendant's train going west, just before sundown on the afternoon of the 22d of February, yet there is nothing to indicate that he was seen by the enginemen. It is true the evidence shows that a person could have been seen some distance along the track at this point, but from aught that appears the intestate may have gotten upon the track just before being run over, or may have been down upon the track so that he could not be seen as if standing or walking, and it may be that the engineer was not keeping a lookout. Whether it was or was not his duty to do so (and which we hold was not the case at this point), these counts charge a knowledge that intestate was on the track, and not a failure to keep a lookout. Therefore the plaintiff failed to make out a prima facie case under these counts.

The intestate being a trespasser, the plaintiff could not recover for simple, initial negligence, and which was only sought by count one, and to which a demurrer was sustained.

So the remaining question is whether or not the plaintiff made out a prima facie case under the counts attempting to impute wantonness to the defendant's servants for running the train at a rapid rate of speed, without signals or keeping a lookout at this particular place. In order to fasten wantonness on the enginemen, the plaintiff attempted to prove a custom of travel by the neighborhood on the defendant's roadbed and trestle at this point, and showed a considerable use of same by the people in the neighborhood, especially in going to, and returning from, Glen Allen on certain special occasions. Beyond this, it was used as a footpath between neighbors on both sides of the trestle in visiting each other. This was in no sense a populous or thickly settled community. There were not exceeding 15 families residing within a radius of several miles, and there is no public road or place at this point. Nor were the families clustered, as the plaintiff's nearest neighbor was a quarter of a mile away, and the other two nearest ones were a half and three quarters of a mile, and one of them on the other side of the trestle or bridge. We have a line of authorities holding that railroads may be guilty of wanton negligence in running trains at a dangerous rate of speed, without warning or keeping a lookout at certain points where it is known to the enginemen that people are liable to frequent to the extent of making it consciously dangerous to disregard their safety. This rule applies to populous crossings, or points in cities, towns, and villages where many people get upon the roadbed; and the rule has been extended in a few cases to densely populated

neighborhoods in the country.—*Haley v. K. C., etc., R. R. Co.,* 113 Ala. 640, 21 South. 357; *H. A. R. R. Co. v. Robbins,* 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153; *South. R. R. Co. v. Stewart, infra,* 60 South. 927. This rule, however, applies to densely populated sections, and not sparsely settled sections like the one in question. While the custom of excluding all the evidence and requesting the general charge has been criticised by this court, yet it has been held that, if the plaintiff does not make out a case for the jury, the trial court will not be reversed for excluding all the evidence, when, with the evidence in or out, the defendant was entitled to the general charge.

The judgment of the circuit court is affirmed.
Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.