# Nashville, Chattanooga & St. Louis Railway *v.* Vincent.

### Damage for Injury on Track.

(Decided November 7, 1914. 66 South. 697.)

1. *Railroads; Persons on Track; Trespasser; Path.*—In walking on a railroad right of way between the tracks in a path which the public was accustomed to travel, plaintiff was not a trespasser.

2. *Same; Crossing Accident; Stop, Look and Listen.*—In crossing a railroad track at a public crossing, it is a pedestrian's duty to stop, look and listen before doing so, and a failure so to do constitutes contributory negligence which will bar an action for injuries occurring in a collision with an approaching train, unless produced by the subsequent negligence of the employees of the railroad.

3. *Same; Failure to Ring Bell.*—As section 5473, Code. 1907, re-
quires the ringing of the bell, or some other signal when a train is
approaching a crossing, the failure of the engineer to do so was
negligence as to plaintiff, a pedestrian approaching the crossing where
she was injured.

4. *Same; Contributory Negligence; Subsequent Negligence.*—Where
plaintiff was struck and injured by an approaching train while cross-
ing a railroad track, and the engineer knew before he started the
train·that plaintiff had preceded him along a path which ran parallel
with the track, but neither the engineer nor the fireman saw plaintiff
after she started to cross the track in front of the engine, the engi-
neer was not chargeable with subsequent negligence, so as to render
the railroad company liable for her injuries.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Ida Johnson Vincent against Nashville,
Chattanooga & St. Louis Railway. Judgment for plain-
tiff, and defendant appeals. Reversed and remanded.

The following is the testimony of the plaintiff: I am
the plaintiff in this case. Am 19 years of age, and re-
side with my father and mother at Boaz in this county.
We live not far from the Mann Hotel. I know where
defendant's depot is at Boaz, and have been there near-
ly every day, several times a· day, before the injury for
which this suit is brought. On the occasion when I
was hurt, I had been to the depot. I had gone to· the
depot from my home the same way I had gone before,
coming down in front of the Mann Hotel and down
that way, down the railroad. I had seen other peo-
ple going that way all the time ever since I can re-
member about the place. There is a path between the
tracks where people walk. On the occasion in ques-
tion I was with the boy at the depot, Mrs. McClesky,
and several girls visiting her. I got to the depot before
the train came, and was there when it came. It came
from Gadsden, between 6 and 7 o'clock in the even-
ing. The day was July 13, 1912. It was a passenger
train, and I know where the engine stopped past the
depot apiece. I was down about the passenger cars

where the people were getting off. When I left I went by myself, walking along the path between the tracks up toward the crossing at the Mann Hotel, and passed the engine of the train. When I passed it, it was standing still, and the engineer (Mr. Bob Lane) was standing on the ground by the tender. I knew him, and he spoke to me, saying, "Howdy, Miss Ida." I said, "Howdy" to him, and went on toward the crossing. I did not hear the bell ring or whistle blow then or at any other time. I walked along this path up to the crossing, and turned across the track, and had gone just a few steps over the track, when I saw the train coming. When I looked around and saw the train, I made to get out of the way, but did not. That long piece that comes out in front of the train hit me across the back and knocked me down in the gully at the switch. I fell right down at the switch and fell under that long piece of timber that runs out from the switch. I had a watch in my hand which was broken by the blow.

SPRAGINS & SPEAKE, and STREET & ISBELL, for appellant.

JOHN A. LUSK & SON, and A. E. HAWKINS, for appellee.

DE GRAFFENRIED, J.—The evidence of the plaintiff in this case is short, and the reporter will set it out.

(1, 2) 1. The distance between the point where the plaintiff saw the engineer and spoke to him and the point where she was injured—a distance which she fixes in her testimony as probably being about the length of the courtroom—is shown by other testimony

to have been about 60 feet, or 20 steps. The plaintiff was not a trespasser, as the path which she traveled was one which the public was accustomed to use. She had a right to cross the railroad at the point where she crossed it, for it was a public crossing; but the law required her to "stop, look, and listen," before doing so, and this she did not do. She was therefore guilty of negligence, and this negligence contributed directly and proximately to her injury.—*L. & N. R. R. Co. v. Loyd,* 186 Ala. 119, 65 South. 153.

(3) The engineer, under the evidence of the plaintiff, was also guilty of negligence, in not ringing the bell of his locomotive.—Section 5473 of the Code of 1907; *Central of Georgia Railway Co. v. Freeman,* 134 Ala. 354, 32 South. 778; *L. & N. R. R. Co. v. Loyd, supra; Bason v. A. G. S. R. R. Co.,* 179 Ala. 299, 60 South. 922.

(4) 2. The evidence fails to show any right of the plaintiff to recover upon the theory of the subsequent negligence of the defendant's agents or servants in charge of the locomotive. The engineer knew, before he started his engine that plaintiff had preceded him along the path which ran parallel with the track; but there is nothing in the evidence tending to show that he or his fireman saw the plaintiff after she committed, or while she was in the commission of, the particular act of negligence which proximately contributed to her injury, viz., the crossing by her of the track. The engineer cannot be held to have committed an act of subsequent negligence unless he knew that the plaintiff was attempting to cross the track, or was in possession of such facts as should have led him to know that she was on the track or in dangerous proximity thereto, in time to prevent the injury. This the evidence utterly fails to show—*Bason v. A. G. S. R. R. Co., supra;*

*Anniston Co. v. Rosen,* 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; *L. & N. R. R. Co. v. Loyd, supra; Blackmon v. Central of Georgia Railway Co.,* 185 Ala. 635, 64 South. 592.

In the case of *Louisville & Nashville Railroad Co. v. Loyd, supra,* this court said: "The rules of law governing those who are in control of locomotives, with reference to the manner in which they shall operate and control such locomotives when approaching public crossings and in passing through densely populated portions of cities and towns, and the rules of law governing individuals who use such crossings and who go upon the tracks of railroads at such places, are not only rules of liability, but are rules in the interest of human life, and railroad companies and individuals are equally bound to observe those laws. Every member of the public and railroads have mutual rights and owe to each other mutual obligations in the use of public crossings."

The evidence in this case, as it exists in the present bill of exceptions, shows that the plaintiff and the defendant have each violated a wise rule of the law, and that they are equally at fault under the law. The plaintiff therefore stands helpless before the law.

The defendant was, under the evidence shown by this record, entitled to affirmative instructions in its behalf. The judgment of the trial court is therefore reversed, and the cause is remanded to the court below for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.