(75 South. 971)

## CENTRAL OF GEORGIA RY. CO. v. MOORE. (6 Div. 545.)

(Supreme Court of Alabama.    June 7, 1917. Rehearing Denied June 28, 1917.)

1. PLEADING ☞214(3)—DEMURRER—EFFECT.

Allegation of complaint that at time of injury by defendant's car plaintiff was in or on a public highway, where he had a right to be, must on demurrer be treated as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 530–532.]

2. RAILROADS ☞346(2)—CROSSING ACCIDENT —BURDEN OF PROOF.

Code 1907, § 5476, providing that, when a person is injured by locomotive or car of railroad, it has the burden of showing it was not negligent, does not take from plaintiff the burden of proving the circumstances as to which the statute can apply, or put on the railroad the burden of proof in case of wanton injury or subsequent negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1118.]

3. RAILROADS ☞347(1)—CROSSING ACCIDENT —IDENTITY OF CAR—EVIDENCE.

On the question whether or not it was defendant's car that injured plaintiff at a crossing, evidence of a car with blood on it being seen in its yard in the vicinity was admissible as corroborative of other evidence thereon.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1124.]

Appeal from City Court of Birmingham; John H. Miller, Judge.

Action by J. H. Moore against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Affirmed.

London, Yancey & Brower, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

MAYFIELD, J. Appellee, while on or in a public street, avenue, or highway, in the city of Birmingham, was stricken by a passing car or train, and caused to suffer severe physical pain and injury. Plaintiff in the court below, he brought his action against the defendant (appellant here), ascribing his injury to the negligence of the defendant.

[1] It is first insisted that the third count, on which the trial was had, stated no cause of action, for that it affirmatively showed plaintiff to have been a trespasser upon the track of the defendant, and relied solely upon initial simple negligence, and therefore showed affirmatively that the injury was the consequence of plaintiff's own wrong in trespassing upon defendant's railroad track. This contention cannot be supported, because the complaint alleges—and on demurrer the allegation must be treated as true—that at the time of the injury plaintiff was in or on a public highway where he had a right to be; and he was therefore not a trespasser.

Whether or not plaintiff was a trespasser at the time of the injury was made a question for the jury, as well as whether or not defendant was guilty of negligence proximately contributing to the injury; and both of these questions were fairly submitted to the jury with appropriate instructions by the court. This being true, there was no error in the trial court's instructing the jury with reference to the duties imposed by our statutes upon those in charge of railway trains, locomotives, etc., while passing or approaching public highways, or while within towns, cities, villages, etc., and the consequences re-

---

sulting from failure to perform these statutory duties, nor with reference to the burden of proof as to injuries flowing from such failures. Nor do we find any error in those parts of the charge on this subject, to which appropriate objections were interposed and exceptions reserved, nor impropriety in charging on the subject at all.

[2] This question has been repeatedly dealt with by this court since the last changes made in the statute by the Code of 1907. Many of the cases have been reviewed, and some overruled, as to burden of proof where there was a failure to perform the duties enjoined by the statute, as to injuries by railroads of every kind whether they involved violations of these statutes or not, and whether or not the statute as to the burden of proof applied to injuries of persons as well as of other animals, and whether it applied to injuries at places on the railroad other than those mentioned in the statute. Many of these cases were reviewed in the case of Ex parte Southern Railway Co., 181 Ala. 486, 61 South. 881. In that case it was said:

"In view of the history of this statute, and the different constructions placed upon same, as appearing in the act of 1887 and the Codes of 1876 and 1867, and in different language in the Code of 1896, it would do violence to the letter of section 5476 of the present Code, as well as the legislative intent, to hold that the change in the present Code from the section appearing in the Code of 1896 was immaterial and meant nothing. It may be true that the Penney Case, 164 Ala. 188, 51 South. 392, supra, dealt with stock, and that the Smith Case, 163 Ala. 174, 50 South. 390, supra, dealt with a person; but the statute does not warrant a distinction between persons and stock in its application. The statute makes no distinction, and deals with persons and stock in the same language and under the same conditions. It may be true that the statute, as it existed prior to the act of 1887, placed the burden on the railroad only as to stock; but said act included persons with stock, and leaves no room for making a distinction."

We have, of course, shown that this statute as to the burden of proof does not apply to cases or counts, where the allegation is that the injury was wanton or willful, but only to those involving negligence, for such is the exact language and meaning of the statute. A. G. S. R. R. Co. v. Smith, 71 South. 455.[1] We have also held that the statute does not apply to cases of frightening animals, or of injuries caused by frightening animals. L. & N. R. R. Co. v. Davis, 71 South. 682;[2] Garth v. N. C. & St. L. Railway, 186 Ala. 145, 65 South. 166. We have likewise held that it does not apply to subsequent negligence cases—that is, where it is conceded that plaintiff was negligent, but insisted that his negligence was prior to that of the defendant, which proximately caused the injury. Stated differently, the holding has been that the statute creates no presumption as to whose negligence was prior or subsequent to that of the other, nor as to which of the two proximately contributed to the

injury. Hence, on questions of wanton or willful injury, or subsequent negligence, the statute does not apply or shift the burden of proof; but it does apply to initial and subsequent negligence cases where persons or animals on or near the track are injured by railroad locomotives, trains, etc. L. & N. R. R. Co. v. Jones, 191 Ala. 484, 67 South. 691; L. & N. R. R. Co. v. Rayburn, 192 Ala. 494, 68 South. 356; Martin's Case, 190 Ala. 169, 67 South. 435; Jolley v. Southern Railway Co., 72 South. 382, 197 Ala. 60.

We find no written charge given by the court, nor any part of its oral charge, which is contrary to any of the holdings in the above-cited cases. While there may have been a question of subsequent negligence in this case, there is nothing in any of the instructions which would have applied the presumption raised by the statute to that issue or to wantonness. The charges here in question, as to the burden of proof, evidently referred to the initial negligence of the defendant, and not to subsequent negligence or wantonness.

Of course, the burden is always on the plaintiff to prove the relation, or the circumstances, to which the statute can attach or apply; that is, that he was injured by the defendant railroad company in the manner or by the means to which the statute can apply, as to the burden of proof to acquit the defendant railroad company of negligence. There is nothing in the charges complained of that declares the burden of proof as to this matter to be otherwise than on the plaintiff.

The defendant requested several charges in effect affirmative charges for the defendant. These were each properly refused. There was evidence sufficient to carry the case to the jury.

We are not of the opinion that the facts of this case affirmatively show that plaintiff was guilty of contributory negligence which proximately contributed to his injury. While the evidence does show that he stopped or lingered near the railroad track, and near enough to be stricken by a passing train, yet it does not conclusively show that he was a trespasser, either in going where he was injured, or in remaining there; and whether remaining there, as he did, under the circumstances, was negligence which contributed to his injury, was a question for the jury.

The case was not without dispute brought within the rule of Birmingham Railway, Light & Power Co. v. Jones, 153 Ala. 157, 45 South. 177, touching the fact of whether or not the track at the place of the injury was imbedded in and formed a part of the street. This was not a case in which the plaintiff could not recover, except as for subsequent negligence or wanton or willful injury; hence all the requested charges as to this theory were properly refused. All of the refused charges were properly refused, for

[1] 196 Ala. 77.    [2] 196 Ala. 14.

one or more of the reasons we have pointed out.

[3] There was no error as to the rulings on the evidence. There being a question as to whether or not it was the defendant's car that collided with plaintiff and injured him, it was competent to prove that a car found in that vicinity had blood on it. Though not conclusive, this certainly had some tendency to identify the car which collided with plaintiff. If plaintiff's evidence was true, the car which injured him probably had blood on it, as it struck him in such manner as that it might have received blood stains; hence the evidence that witnesses saw a car in defendant's yards or on its tracks, with blood on one of its wheels, tended to corroborate other evidence of plaintiff, and was therefore admissible.

We deem it unnecessary to further discuss these, or other questions raised. They have each been examined, and we find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.