(121 So. 30)

LIBERTY LIFE ASSUR. SOC. v. WOODARD. (4 Div. 415.)

Supreme Court of Alabama. March 21, 1929.

C. O. Stokes, of Ozark, and Ball & Ball, of Montgomery, for appellant.

26

Sollie & Sollie, of Ozark, for appellee.

BOULDIN, J. ▮ A "domestic corporation may be·sued in any county in which it does business by agent, or was doing business by agent at the time the cause of action arose." Code 1923, § 10471. The time the cause of action arose in cases of tort or in transactions fixing an immediate liability to suit is when the tort was committed or the transaction had.

In actions on a life insurance policy or fraternal benefit certificate as here, the policy may have been issued many years prior to the death of the insured, and the insuring corporation may ·have long since ceased to do business in the county where issued; ultimate liability being conditioned on keeping up the policy. The spirit of the statute would seem to require suit in a county where the insurer is doing business at the time of the death of the insured. Hildebrand v. United Artisans, 46 Or. 134, 79 P. 347, 114 Am. St. Rep. 852. The evidence here is directed to the entire period from taking the application in June until date of death in the following August.

▮ Directing our attention to the status in Dale county, where suit was brought as of the date of the death of the insured, it is without dispute that numerous policies were then in force in that county and one or more collecting agents were engaged in the collection of monthly and quarterly dues from insured members in that county. Collection of dues is of the essence of such an insurance business. It is not material whether the agent had an office or fixed place of business in that county. An agent sent from a district or state headquarters to conduct this part of the business is doing business for his principal or employer; nor is it material whether such collector is a statutory agent commissioned by the insurance department with authority to write insurance. If he has authority through such ·agent or a district or state manager to represent the company in making such collections, the company is doing business by agent within the Venue Statute. International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517; Farmers' & Ginners' Cotton Oil Co. v. Baccus, 207 Ala. 75, 92 So. 4; Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73. Evidence tending to show the conduct of such business and the extent of it was properly admitted. The plea in abatement was not sustained.

We may add that there is no evidence that the insurer had withdrawn from Dale county as part of its·operating territory in getting new business through soliciting agents. It appears this county was in the Dothan district. That the particular agent who conducted this transaction had moved to another field, and wrote no more insurance there, or that no agent resided there, does not imply that the company was not still doing business as usual.

▮ The portion of the oral charge on trial of the plea to the jurisdiction to which exception was reserved was not·a misstatement of the law. Misleading tendencies, if any, will not be reviewed, where only one portion of the charge is singled out, and the entire charge does not appear in the record. A request for an explanatory charge is usually the proper remedy for misleading tendencies in some part of the oral charge.

▮ Jurors who heard and decided the issue on plea in abatement were not for that reason merely subject to challenge for cause, nor improperly placed on the list from which the jury was to be selected for trial on the merits.

The issues were not the same; nor did one involve the other. In the one the sole question was whether defendant was subject to suit in Dale county; in the other, whether there was a completed and subsisting insurance contract in force payable to the plaintiff at the death of the insured.

▮ No evidence was presented by examination of jurors, or otherwise, to show bias. Except in cases provided by statute or general rules of law, bias of the juror must be shown. Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663.

Three issues of fact were litigated on the merits:

First: Was the policy or certificate of in-

surance ever issued, delivered, and accepted by the insured?

Second: Was the plaintiff, husband of the insured, the beneficiary named in the policy?

Third: Were the initial charges and dues paid?

Without dispute application was made by the insured for three certificates of $500 each; three certificates were finally issued, but when the agent went to deliver them, the insured was sick and they were not delivered. The insured died a few weeks later.

Plaintiff's version is that, prior thereto and while the insured was in good health, three policies were delivered and accepted, but that, after looking over them, an error was discovered in the given name of the insured, whereupon the agent volunteered to have them corrected, and they were returned for that purpose, and meantime to be in force.

Defendant's version is that a confusion as to the full name appeared from the original application; that this was returned for a new one in due form; that no policies were issued until the new application was received at the Philadelphia office, and these were never delivered.

A vital inquiry, therefore, was whether the document or documents first presented to the insured were policies, contracts of insurance, or merely applications. The testimony of witnesses who claimed to have seen them, noted the numbers, handled them, saw the amount and name of the beneficiary, was admissible to identify the kind of documents, without having read all the terms and conditions of the policies so as to give secondary evidence of their entire contents. Such evidence was not objectionable as secondary for want of notice to produce prior to the trial, when defendant raised no question as to timeliness of notice, but expressly denied that such instruments ever existed. The court will not be put in error for overruling a motion to exclude all the evidence of plaintiff on the ground that it is insufficient to make out the plaintiff's case.

The evidence as a whole warrants the inference that, if the policies were issued as plaintiff claims, they conformed to the last ones issued, but not delivered, and which were in evidence, except in correction of name of the insured, and in name of the beneficiary. There was evidence that one of the original policies, if such there was, named the plaintiff as beneficiary, and that the required payment of premium and dues was made at the time of the application. It was, therefore, a case for the jury, not for the affirmative charge.

The evidence of Will Drew, touching statements of witness Herron out of court to the effect the death claim had been allowed, but payment held up for reasons at variance with his testimony on the stand, was properly admitted for purposes of impeachment; predicate having been laid.

If the predicate did not cover some specific questions, it is sufficient to say no objection was interposed on such ground.

The evidence of Mrs. Lingo was admissible for like purpose. There was no objection to her testimony as offered, only a motion to exclude after examination concluded. For well known reasons this was not error.

Defendant's unnumbered refused charge, which for identification we mark (4), was fully covered by the oral charge. Its refusal may be sustained because misleading, in that it required payment of the fees, dues, and assessments by the insured, while the evidence tended to show they were paid by the husband on her behalf.

There was some evidence for plaintiff on each of the issues of fact presented. The truth of the case was, in the first instance, for the jury. The correctness of their finding is not presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.