(134 So. 619)

RUSH v. CENTRAL OF GEORGIA RY. CO.

6 Div. 770.

Supreme Court of Alabama.

March 26, 1931.

Rehearing Denied May 21, 1931.

Nesbit & Sadler, of Birmingham, for appellee.

R. Du Pont Thompson and Walter S. Smith, both of Birmingham, for appellant.

BROWN, J.

Counts 1, A. B. C. D. H. and G, ascribing the death of plaintiff's intestate to "the negligent and careless" conduct of defendant's agents and servants "while engaged in running an engine to which was attached a train of cars," placing said intestate at the time of his injury "at a point near First Avenue," and "at or near where the defendant's said railroad crosses First Avenue," were subject to the objection, when these averments are construed most strongly against the pleader, that they showed said intestate to be a trespasser, to whom the defendant owed no duty other than not to negligently injure him after his peril was discovered by the agent or servant in charge of the locomotive, or not to willfully or wantonly injure him; and the demurrers thereto were properly sustained. Western Ry. of Alabama v. Madison, 16 Ala. App. 588, 80 So. 162; Southern Ry. Co. v. Stewart, 179 Ala. 304, 60 So. 927.

Moreover, the complaint on which the case was tried embodied counts for simple negligence, subsequent negligence and wantonness, and the assignments of error in respect to the counts eliminated on demurrer are clearly without merit.

In the early part of the afternoon of March 28, 1929, as the undisputed evidence shows, plaintiff's intestate, Charles W. Hall, drove his car to the filling station of one W. P. Lightfoot, located south of First avenue near where defendant's railroad tracks crossed said avenue, to have the radiator drained and refilled. Lightfoot, who was eating his lunch when Hall drove up to the filling station, opened the valve to the radiator to let out the water, and, while the radiator was draining, went back into the building to finish his lunch,

leaving Hall standing near the automobile. Immediately after Lightfoot returned to his lunch, he heard the defendant's freight train, consisting of the locomotive and fifty-five cars, and the caboose, approaching from the southeast. After the locomotive and a considerable portion of the train, if not all of it, passed, Lightfoot, after a lapse of from five to ten minutes, returned to the automobile to finish draining and filling the radiator, and then noticed that Mr. Hall had disappeared. On looking to the southeast, the direction from which the train had approached, he discovered Hall's body in the mouth of the cut on the right of way, with the head, a portion of which had been cut away or mashed off, by the wheels, on the end of the cross-ties, and the feet extending out towards the embankment.

The point at which the body was discovered was from 150 to 200 feet southeast of the southern boundary of First avenue, and about 30 feet from the mouth of the cut.

No one saw deceased, so far as appears, when he came in contact with the train. The witness Lightfoot saw him last standing by the automobile immediately before the witness went to finish his lunch. The engineer testified that a person, whom he identified from his description as Hall, was standing at the filling station near the automobile with his arms folded as the locomotive passed the filling station.

The train approached and passed the point where the body was found, according to the undisputed evidence of the engineer, at from five to eight miles per hour; the brakeman was riding the pilot preparatory to flagging the traffic at First avenue; the bell was ringing; and the engineer was keeping a lookout.

The evidence is also without dispute that the locomotive did not come in contact with Hall. The train was stopped by application of the brakes from the caboose, and an examination of the train was made immediately thereafter, and the only evidence of a collision was blood and brains found on the track near the body and on the wheels of the truck on the fifth car from the caboose, fifty cars back from the locomotive.

■■ The objections to questions put to the witness Lightfoot, in respect to whether the train came to a stop within 100 feet of the crossing of First avenue, and as to whether or not the tracks of the street railway on first avenue were flush with the surface of the pavement, on the street, were properly sustained. If it had been shown that the trainmen had negligently failed to bring the train to a stop within 100 feet of the crossing, as required by section 9953 of the Code 1923, and the city ordinance to like effect, there would be no causal connection between such negligence and the injury to Hall. He was not shown to be within the zone of danger from a collision at the crossing of the street and the railway, and in fact there was no such collision. Such negligence, therefore, could not stand as the proximate cause of Hall's death. Western Railway of Alabama v. Mutch, Adm'r, 97 Ala. 196, 11 So. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1.

■ The evidence offered by the plaintiff to show the death of Hall, and the attendant circumstances—the res gestæ—puts him in the attitude of a trespasser on the defendant's right of way, and tends to disprove negligence on the part of the employees of the defendant, and, moreover, the testimony of the engineer, which is undisputed, shows that the train was operated with due care, that, as it approached the place of the injury, the customary signals were given, and that the engineer was keeping a lookout ahead, that Hall came to his death after the locomotive passed him, standing in a position of safety.

Therefore, applying the statute, Code 1923, § 9955, in its broadest possible scope, the defendant fully discharged the burden of proof resting upon it, and the court gave the affirmative charge without error. Elliott v. Northern Alabama Ry. Co., 222 Ala. 79, 130 So. 775; Louisville & N. R. Co. v. Rayburn, 192 Ala. 494, 68 So. 356; Central of Georgia Ry. Co. v. Moore, 200 Ala. 213, 75 So. 971; Southern Ry. Co. v. Stewart, supra.

■ In Nashville, Chattanooga & St. Louis Ry. v. Vincent, 190 Ala. 91, 66 So. 697, cited by appellant, the plaintiff was crossing over the tracks of the railroad company, and it is well settled that one who merely crosses over the tracks of a railroad does not assume the attitude of a trespasser. Walker v. Alabama, Tennessee & Northern Railway Co., 194 Ala. 360, 70 So. 125, 126.

The proceedings of the circuit court were free from error, and the judgment will be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.