147 So. 670

## CENTRAL OF GEORGIA RY. CO. v. HARDMAN.

### 6 Div. 297.

Supreme Court of Alabama.
April 20, 1933.

Nesbit, Sadler & Dunn, of Birmingham, for appellant.

R. Bruce Robertson, Jr., of Phenix City, for appellee.

FOSTER, Justice.

The only question argued on this appeal is whether the affirmative charge should have been given appellant because the evidence did not sustain the averment that the accident occurred at a public crossing over the railroad track known as, to wit, Twenty-fourth street in the city of Irondale, Jefferson county.

It is alleged and shown that plaintiff's automobile, while driven by another, in attempting to cross the track of defendant near the station (about a quarter of a mile) from Irondale, missed the crossing, ran into a ditch on the side, but was partly across the track. Several persons assisted in an attempt to push it off the track, but could not, and heard the train coming from toward the station. It was at night and they sent a man up the track with a red lantern to flag down the rain. The attempt did not succeed, and it hit and demolished the automobile.

We have related those incidents to show the connection in which the allegation is made, that it was at a certain public crossing, whereas the evidence did not show that it was a public crossing at all, nor that it was at Twenty-fourth street in said city.

The case was tried on simple and subsequent negligence counts, in both of which the crossing was thus described. It is said that the allegation as to place is either formal or descriptive. If formal, exact proof is not necessary; but if descriptive, the place must correspond with the averment. 7 Mayfield's Digest, page 699.

A different case is made on a claim of primary negligence, both as to the measure of duty and the burden of proof, if the acci-

dent, such as this, occurs at a public crossing, rather than at a private one. Sections 9952, 9955, Code; Sims v. Alabama Great Southern R. Co., 197 Ala. 151, 72 So. 328; Jolley v. Southern R. Co., 197 Ala. 60, 72 So. 382; Atlantic Coast Line R. Co. v. Jackson, 221 Ala. 646, 130 So. 388; Atlantic Coast Line R. Co. v. Carter, 214 Ala. 252, 107 So. 218.

[redacted] When the claim is for wantonness or subsequent negligence, those statutes do not apply, and the burden is on plaintiff whether the crossing is public or private. Jolley v. Southern R. Co., supra; Lambert v. Southern R. Co., 214 Ala. 438, 108 So. 255; Central of Georgia R. Co. v. Moore, 200 Ala. 213, 75 So. 971; Louisville & Nashville R. Co. v. Jones, 191 Ala. 484, 67 So. 691.

[redacted] In such an action also the rule is that the place of injury must be alleged with sufficient certainty to enable defendant to prepare its defense. Louisville & Nashville R. Co. v. Whitley, 213 Ala. 525, 105 So. 661.

[redacted] Count 1 is in simple negligence. But it is well settled that it justifies a recovery upon proof of subsequent negligence. Louisville & Nashville R. Co. v. Calvert, 172 Ala. 597, 55 So. 812; So. R. Co. v. Lime Cola Bottling Co., 210 Ala. 336, 98 So. 1.

In Sims v. Alabama Great Southern R. Co., supra, this court held that it is not reversible error to give the general charge on such a count when the crossing was described as a "public crossing," and the evidence showed only that it was a populous crossing. In that case, also, there was a subsequent negligence count, and it was duly submitted to the jury on a charge which fully defined such an issue. So that in that case, though the affirmative charge given on that count impliedly included subsequent negligence, its giving did not affect that claim because it was otherwise submitted to the jury.

[redacted] In this case, refused charge No. 2 was that the jury should not find for plaintiff on count 1; refused charge 4 was that the jury should not find for plaintiff for subsequent negligence; refused charge 1, that they must find for defendant. Those are the only assignments of error. We do not run counter to the Sims Case, supra, in holding that it is not reversible error to refuse charge 2, if it would not be error to refuse the general charge on the claim for subsequent negligence. We think it is clear that in that case the principle was intended to be limited only to primary negligence. In this case, the chief claim for recovery was for subsequent negligence, and even if defendant had been due the general charge on primary negligence the court will not be reversed for refusing charges which are not limited to such claim.

[redacted] We are clear that as to subsequent negligence, it is not material on the issues and burden of proof whether the accident was at a public or private crossing, and that an allegation in such count that it was public, is not descriptive of the action, but may or may not be material in locating the scene of the occurrence. Defendant is entitled to have the location of the accident stated with such certainty as that it may be reasonably so informed. But when the evidence shows only one such crossing as coming within the averments of the complaint, it is not invasive of defendant's substantial rights to hold that because it was called public, when it was not so, as technically defined, but was a regular and much frequented crossing, there is but a variance within the meaning of rules 34 and 35, Circuit Court Practice. This is also true as affected by the failure to prove that it was at Twenty-fourth street, when it is not shown that it was not there. Seaboard Air Line R. Co. v. Johnson, 207 Ala. 251, 115 So. 168; Bankers' Mortgage Bond Co. v. Sproull, 220 Ala. 245, 124 So. 907; Strickland v. Davis, 221 Ala. 247 (15), 128 So. 233; Kay & Son v. Alabama Cotton & Grain Co., 211 Ala. 454, 100 So. 863.

Affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.