48 So.2d 320

KENDRICK v. BIRMINGHAM
SOUTHERN R. CO.
6 Div. 781.

Supreme Court of Alabama.
Oct. 19, 1950.

Lipscomb & Brobston, of Bessemer, and D. G. Ewing, of Birmingham, for appellant.

Benners, Burr, Stokely & McKamy, of Birmingham, and Ross, Ross & Ross, of Bessemer, for appellee.

LAWSON, Justice.

This is the second appeal in this case. For opinion on former appeal see Birmingham Southern R. Co. v. Kendrick, 247 Ala. 573, 25 So.2d 419.

The suit is under the provisions of § 123, Title 7, Code 1940, the homicide statute. It was originally filed by Adella Kendrick, as administratrix of the estate of Carl L. Kendrick, deceased, against the Birmingham Southern Railroad Company. There was verdict and judgment for the plaintiff. On appeal by the defendant railroad company, we held that the defendant was entitled to the general affirmative charge and because of the trial court's refusal to give such charge, the judgment was reversed and the cause was remanded.

After remandment, the death of Adella Kendrick being suggested, the cause was revived in the name of B. B. Kendrick, administrator de bonis non of the estate of his deceased brother, Carl L. Kendrick.

There were no additional pleadings after remandment, but on the second trial there were witnesses testifying on behalf of the plaintiff who had not testified on the first trial. The second trial resulted in a verdict and judgment for the defendant, the case having been submitted to the jury on two counts, both charging subsequent negligence. On the first trial submission was had on the same two counts.

From the judgment for defendant, the plaintiff has appealed to this court.

Considering the assignments of error in the order in which they are argued by counsel for appellant, the first question presented is in regard to the trial court's action in sustaining the demurrers to Count A of the complaint. Said count in terms avers simple negligence—that is, initial negligence—and when its averments are construed most strongly against the pleader, they show plaintiff's intestate to have been a trespasser on defendant's tracks, to whom the defendant owed no duty other than not to negligently injure him after his peril was discovered by the . agent or servant in charge of the locomotive, or not to wilfully or wantonly injure him. Rush v. Central of Ga. Ry. Co., 223 Ala. 119, 134 So. 619.

Appellant does not assert that Count A was not subject to the demurrers interposed in so far as that count charged defendant with initial negligence, but argues that since the charge of simple negligence embraces a charge of subsequent negligence, it was reversible error for the trial court to sustain the demurrers to said count.

 It is true that recovery may be had for subsequent negligence under a count for simple negligence—that is, a count charging initial negligence. Louisville & N. R. R. Co. v. Abernathy, 192 Ala. 629, 69 So.

57; Louisville & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812; Southern Ry. Co. v. Lime Cola Bottling Co., 210 Ala. 336, 98 So. 1; Central of Ga. Ry. Co. v. Hardman, 226 Ala. 515, 147 So. 670.

But when the plaintiff sues a railroad for injuries and relies upon simple negligence, it is incumbent upon him to aver and prove a relationship that would render the defendant liable for initial negligence; that is, that he was not a trespasser, and where, construing such a complaint most strongly against the pleader, it appears that the injured person was a trespasser at the time of the injury, the complaint is bad as against apt demurrer. Gadsden & A. U. Ry. Co v. Julian, Adm'r, 133 Ala. 371, 32 So. 135; Southern Ry. Co. v. Forrister, 158 Ala. 477, 48 So. 69; Southern Ry. Co. v. Smith, 163 Ala. 174, 50 So. 390; Louisville & N. R. Co. v. Holland, 164 Ala. 73, 51 So. 365; Birmingham R., L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013; Empire Coal Co. v. Martin, 190 Ala. 169, 67 So. 435; Rush v. Central of Ga. Ry. Co., 223 Ala. 119, 134 So. 619; Louisville & N. R. Co. v. Rogers, 242 Ala. 448, 6 So.2d 874.

The following quotation from the opinion in Central of Ga. Ry. Co. v. Blackmon, 169 Ala. 304, 53 So. 805, is authority for the trial court's action in sustaining the demurrers to Count A and is explanatory of the rule: "The intestate being a trespasser on the defendant's track at the time he was run over or against, and at a point where the defendant owed him no duty to keep a lookout, the defendant's servants owed him only the duty of preventing the injury, if they could do so, after discovering his peril on the track, and after becoming aware that he could not or would not extricate himself therefrom. Southern R. Co. v. Gullatt, 150 Ala. 318, 43 So. 577; Southern R. Co. v. Bush, 122 Ala. 470, 26 So. 168. Therefore, the complaint would not be good after showing that the intestate was a trespasser unless it charged willful or wanton misconduct or negligence subsequent to a discovery of peril. Birmingham R. Co. v. Jones, 153 Ala. [157], 168, 45 So. 177. We do not understand the authorities to hold that the only duty owing a trespasser is not to willfully or wantonly injure him, but they also permit a recovery for subsequent negligence as well—that is, for a negligent failure to use preventative means to avert injury after a discovery of peril, and after a knowledge that the trespasser cannot extricate himself in time to avoid being injured—notwithstanding the act or omission of the servants in charge of the train did not amount to willful misconduct or wanton negligence. It is true we have authorities, as noticed in section 414, p. 636, vol. 4, Mayfield's Digest, which in effect hold that a complaint which shows that the plaintiff was a trespasser when injured is bad on demurrer if it fails to aver wanton or willful misconduct. But these cases were decided before the doctrine of subsequent negligence had gained much footing in this state, and the negligence there charged was original or initiative negligence as distinguished from subsequent negligence or negligence after a discovery of peril. We think the true rule as testing the sufficiency of a complaint, is that when simple negligence only is charged—that is, initial negligence—it should bring the plaintiff within the protection of the rule and show that he was not a trespasser. Louisville & N. R. R. Co., v. Holland, [164 Ala. 73] 51 So. [365] 366; Gadsden R. R. Co. v. Julian, 133 Ala. [371] 373, 32 So. 135. * * *" 169 Ala. 308-309, 53 So. 806.

Moreover, no injury could possibly have been done plaintiff by sustaining demurrers to Count A for the reason that any evidence admissible under that count on the theory that it embraced subsequent negligence was admissible under Counts C and D, which charged subsequent negligence and upon which the case went to the jury. Likewise, any evidence that would authorize a recovery under Count A would authorize a recovery under Counts C and D. Bessierre v. Alabama City G. & A. R. R. Co., 179 Ala. 317, 60 So. 82; Coker v. Louisville & N. R. Co. et al., 245 Ala. 545, 18 So.2d 84.

On the first appeal, we reversed the judgment of the trial court on the ground that the defendant was entitled to the general

affirmative charge as to the counts charging subsequent negligence, the only counts upon which the case was submitted to the jury.

On the second trial, the one here under review, the evidence was in all material respects the same as that produced on the first trial, except for the additional testimony of two locomotive engineers, who testified on behalf of plaintiff. Because of the testimony of the two locomotive engineers, the trial court permitted the case to go to the jury on Counts C and D, which charged subsequent negligence and which were the same two counts upon which the case was submitted to the jury on the first trial.

However, the trial court gave the general affirmative charge, with hypothesis, in favor of the defendant as to Count B, which was a wanton count.

Appellant contends that the trial court erred to a reversal in giving the general affirmative charge, with hypothesis, in favor of the defendant as to the wanton count.

We will not undertake to delineate the evidence, inasmuch as most of it is set out in detail in the opinion on former appeal. Birmingham Southern Ry. Co. v. Kendrick, 247 Ala. 573, 25 So.2d 419. The evidence on the second trial, like that on the first, was insufficient to show negligence on the part of those in charge of the locomotive in failing to blow the whistle. The testimony of the locomotive engineers shed no light on that question. Their testimony, when considered in the light most favorable to the plaintiff, was to the effect that the engineer of the train, by the proper use of the available emergency brakes, could have stopped the train after discovering plaintiff's intestate on the track and before he was hit by the train. This was in conflict with other evidence offered by the plaintiff and, as before indicated, it was this conflict which, no doubt, motivated the trial court in submitting the case to the jury on Counts C and D, charging subsequent negligence. However, the jury, by virtue of its verdict, resolved this conflict in favor of the defendant railroad company.

■ Even if it be conceded that the evidence has any tendency to support a charge of wanton conduct on the part of the defendant's servants, agents, or employees in charge of the locomotive, the finding of the jury in favor of the defendant on the counts charging subsequent negligence was necessarily decisive of the issue against plaintiff under the wanton count also, and the withdrawal of the count from the jury by instruction was error without injury, if error at all. Helms v. Central of Ga. Ry. Co., 188 Ala. 393, 66 So. 470.

■ The question in this case on the subsequent negligence counts was not what the locomotive was doing before or when the plaintiff's intestate was discovered on the track, but what those in charge of the train did after the discovery of the peril of the plaintiff's intestate. That was the same question presented by Count B, the wanton count, under the facts of this case. True, we have a line of authorities holding that railroads may be guilty of wanton negligence in running trains at a dangerous rate of speed, without warning or keeping a lookout at certain points where it is known to the enginemen that people are liable to frequent to the extent of making it consciously dangerous to disregard their safety. But this rule applies to densely populated sections, and not sparsely settled sections like the place where the plaintiff's intestate was killed. Whitehead v. St. L. & S. F. R. R. Co., 179 Ala. 314, 60 So. 930, and cases cited.

■ In this case the jury, upon consideration of all the evidence, has determined that after the discovery of intestate's peril, the servants of the defendant committed no act of simple negligence which proximately caused the intestate's death. This being true, there could not, under the law, have been, after the discovery by them of plaintiff's intestate's peril, such an act of willful neglect on the part of defendant's servants as amounted to wantonness. Helms v. Central of Ga. Ry. Co., supra.

The decisions in McNeil v. Munson S. S. Line, 184 Ala. 420, 63 So. 992; Sington v Birmingham R., L. & P. Co., 200 Ala. 282, 76 So. 48; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553; and Lambert v. Birmingham Electric Co., 244 Ala.

333, 13 So.2d 579, contain nothing to the contrary. In those cases there was no such similarity of issues as was present under the pleadings and evidence in the instant case.

On the trial, plaintiff moved to challenge for cause several of the jurors whose names appeared on the jury list from which the trial jury was selected. The challenge for cause was in the following language: "We wish to challenge for cause each and every juror, separately and severally, employed by the Tennessee Coal, Iron & Railroad Company, it being stated by one of the jurors in open court that for the last fifteen years the Birmingham Southern Railroad Company is a subsidiary of the Tennessee Coal, Iron & Railroad Company. And it is on the ground that we make the motion."

The challenge for cause was overruled and appellant asserts here that such action by the trial court constitutes reversible error.

■ An employee is incompetent to serve as a juror in a cause involving the interest of the employer and is, therefore, subject to challenge for cause. Louisville & N. R. R. Co. v. Cook, 168 Ala. 592, 53 So. 190. Appellant argues that the same rule applies to "an employee of a subsidiary company of the defendant and to an employee of a company of which the defendant is a subsidiary.

■■ But we do not reach a decision on that question, for it was not established that there was any such relationship between the defendant, Birmingham Southern Railroad Company, and the Tennessee Coal, Iron & Railroad Company, the employer of the challenged jurors. True, one of the prospective jurors stated: "Judge, I am an employee of the T. C. I. Corporation, and that is a subsidiary of the Birmingham Southern Railroad Company." But on further questioning of this juror, it was made to appear that he had no personal knowledge of any such relationship and that his statement in that respect was based on mere rumor. Counsel for plaintiff offered no proof of such relationship, nor was request made of the court that an opportunity be given counsel for plaintiff to make such proof. Such relationship was not admitted

by the defendant. We are constrained, therefore, to hold that the trial court did not err in overruling the challenge for cause. A person selected and returned as a juror is presumed to be qualified and competent to serve and the burden is on the challenging party to show the contrary. It will not be presumed, in the absence of sufficient evidence, that a juror is prejudiced or otherwise disqualified. Van Derslice v. Merchants Bank, 213 Ala. 237, 104 So. 663; Smith v. Louisville & N. R. Co., 219 Ala. 676, 123 So. 57; Liberty Life Assur. Soc. v. Woodard, 219 Ala. 24, 121 So. 30; 50 C.J.S., Juries, § 277, p. 1060.

■ It is without dispute that intestate was a trespasser at the time and place where he met his death. Hence, there was no duty resting on those in charge of the locomotive to be aware of his presence on the track at the time and place where he was killed, nor was there any duty on them to maintain a lookout for any person at that place. Charges 6, 7, 8, 9, 21, and 22, given at the request of defendant, so instructed the jury. They were given without error. Alabama Great Southern Ry. Co. v. Fulton, 144 Ala. 332, 39 So. 282. These charges were evidently requested as a caution against defendant being held liable for a failure to maintain a lookout. We think the defendant was entitled to have the jury instructed that they were not liable in that respect.

■ Charge 10, given at the request of the defendant, is in most respects similar to Charges 6, 7, 8, 9, 21, and 22, but appellant insists that the giving of Charge 10 was reversible error in that it assumes a fact contrary to the evidence, namely, that plaintiff's intestate was dead when he was discovered on the track before he was hit by the train. We think the charge fairly refers to the intestate after the train had stopped and he was found lying between the rails under one of the cars. But in any event, the giving of this charge was not reversible error, since any misleading tendency could have been corrected by an explanatory charge. Forst v. Leonard et al., 116 Ala. 82, 22 So. 481.

■ Under the pleadings and evidence in this case, those in charge of the

locomotive owed intestate no duty until they had actual knowledge of his perilous situation. Newman v. Louisville & N. R. Co., 212 Ala. 580, 103 So. 856. Hence, defendant's charges 12 and 14 were given without error. Brown & Flowers v. Central of Ga. Ry. Co., 197 Ala. 71, 72 So. 366. In fact, charge 12 was more unfavorable to defendant than to plaintiff. This actual knowledge may be inferred from the circumstances or other facts, shown in the evidence; *"but the existence of such facts should not rest purely in conjecture or speculation."* (Emphasis supplied.) Herring v. Louisville & N. R. Co., 195 Ala. 422, 70 So. 749; Snyder v. Mobile Light & Ry. Co., 214 Ala. 310, 107 So. 451. Hence, it was not error to give defendant's charges 15 and 27.

Appellant contends that it was reversible error to give charge 16 requested by the defendant, in that it is based on a rule of conduct of the agents or servants of the railroad company, after discovery of peril, which does not measure up to the standard of conduct and duties required by law in that the charge shows as the duty of the said servants or agents after discovery of peril only "the employment of preventive means at hand," while the law requires the employment "of all the preventive means at hand known to skillful employees engaged in like conduct."

The law is well established that when an agent or servant in control of an engine or car discovers a person in peril upon the track of a railroad, he must resort to all preventive means known to skilled persons engaged in the management or control of trains, engines, cars, etc., to avert injury. Manley v. Birmingham R., L. & P. Co., 191 Ala. 531, 68 So. 60; Alabama Great Southern R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84; Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Louisville & N. R. Co. v. Young, 153 Ala. 232, 45 So. 238. However, we have held that it was not error to give charges similar to given Charge 16. Manley v. Birmingham R., L. & P. Co., supra; Brown v. St. Louis & S. F. R. Co., 171 Ala. 310, 55 So. 107; Porter v. Louisville & N. R. Co., 202 Ala. 139, 79 So. 605.

This charge is unlike charges 7 and 8 considered in the case of Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001. Moreover, the refusal of said charges in the Holland case was simply justified and *the opinion does not indicate that the giving* of same would have been reversible error. Charge 16 is also unlike charges 2 and 5 treated in Brown & Flowers v. Central of Ga. Ry. Co., supra.

Charges 25 and 26 given at the request of the defendant might well have been refused on the ground that they are argumentative. However, we do not think that the giving of said charges constitutes reversible error.

Under the issues of this case, the trial court might well have refused to give charges 17 and 18, although they contain correct abstract propositions of law. But we do not think that, in view of the evidence in this case, the giving of those charges constitutes reversible error.

Likewise charge 2G might well have been refused, but we are unwilling to predicate a reversal of this case on the giving of that charge.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.