238 So.2d 879

Joseph Lee SMITH, non compos mentis, who sues by his Guardian and Next Friend, Helen Smith,

v.

BIRMINGHAM TRANSIT CORPORATION, a Corporation, and Andrew Cone.

6 Div. 434.

Supreme Court of Alabama.

Aug. 13, 1970.

J. R. Forman, Jr., and Robert G. Tate, Birmingham, and Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, of counsel for appellees.

William W. Ross, Birmingham, for appellant.

## PER CURIAM.

The original opinion in this cause is withdrawn and the following is substituted therefor as the opinion of the court. Northwestern Mut. Life Insurance Company, a Corp. v. Workman, 283 Ala. 127, 214 So.2d 690.

This is a suit for damages for personal injuries allegedly sustained by the appellant, plaintiff below, when a motor bus owned by appellee Birmingham Transit Corporation, A Corporation, hereinafter referred to as "BTC," and operated by appellee Andrew Cone, ran against appellant while he was a pedestrian. The accident occurred on January 25, 1965, between Fourth and Fifth Avenue, North, near Eleventh Street, in the City of Birmingham, Jefferson County, Alabama.

The original complaint filed in this cause contained two counts; Count One charging the appellees with negligence, and Count Two charging them with wanton conduct. Appellees filed identical demurrers to the original complaint and each count thereof, whereupon appellant amended the complaint to show the correct name of appellee BTC. Appellees refiled their demurrers to the complaint, as amended; both were overruled. Appellees pleaded in short by consent with leave, etc. After the plaintiff rested, appellee BTC rested without offering any evidence.

At the conclusion of appellee Cone's evidence, the trial court gave the affirmative charge, without hypothesis, on behalf of appellee BTC, and submitted the case to the jury on both counts as to appellee Cone. The jury returned a verdict in favor of appellees BTC and Cone, the former being in response to the instructions of the court. Appellant filed a motion for a new trial as to both appellees. Said motion was granted as to appellee BTC and overruled as to appellee Cone.

On this appeal the refusal of the trial court to grant a new trial as to appellee Cone is assigned as error.

We do not know why the trial court gave the affirmative instructions in favor of BTC while refusing those instructions when requested by Cone, nor do we know why the trial court granted appellant a new trial as to BTC but refused appellant a new trial as to Cone when the evidence (not the complaint) shows beyond peradventure that appellant based his right to recover against BTC on the alleged negligence and wanton conduct of Cone under the doctrine of respondeat superior.

But we do entertain the view that those actions of the capable and experienced trial judge have led to an anomalous situation. Certainly, appellant did not expect to have the trial court correct an asserted error in the giving of the affirmative instructions in favor of BTC and then shut the door on appellant in his efforts to proceed to verdict and judgment against BTC by refusing to grant a new trial against Cone, the servant, agent, or employee whose alleged negligence and wanton conduct was the sole basis of appellant's suit against the corporate defendant.

Unless the motion for a new trial is granted against Cone, he stands exonerated of any negligence or wanton conduct, and, since, as shown above, the evidence shows that recovery against BTC was sought solely on the doctrine of respondeat superior and solely on the conduct of Cone and of no other servant, agent or employee of BTC, then it follows that while appellant may have the right to proceed to trial against BTC, it would be but a futile gesture because it is firmly established that a judgment exonerating the servant relieves the master when the servant's conduct is the only basis of

liability against the master. Waters v. Anthony, 252 Ala. 244, 40 So.2d 316; Walker v. St. Louis-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388. The rule is the same whether the actions are separate or the employee and employer are joined in the same action. Freeman on Judgments, 5th Ed., 451, 469, 470–479; Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 158 F. 63; Freeman v. Churchill, 30 Cal.2d 453, 183 P.2d 4, and authorities cited. See Hawkins v. Barber, 231 Ala. 53, 163 So. 608.

■ The courts should not condone such an incongruous situation. It simply would not be right and just.

BTC's answers to certain of appellant's interrogatories are pertinent:

Q. "4(a) If you have stated that the owner of the vehicle which collided with plaintiff was not the driver on the occasion of said accident, explain fully and in detail the presence of the driver in said vehicle."

A. "4(a) Mr. Cone, the driver of the bus on said occasion, works in the maintenance department of the defendant and he was driving the bus from the fare box station to the defendant's parking lot on said occasion."

Q. "4(b) State who was the employer of the driver of the vehicle which collided with plaintiff at the time that the accident occurre '."

A. "4(b) Birmingham Transit Corporation."

Q. "4(c) State in whose business or behalf said driver was acting at the time that said accident occurred."

A. "4(c) Birmingham Transit Corporation."

Q. "5(a) State the number of persons occupying the motor vehicle which collided with plaintiff and state specifically how and in what manner each of said occupants were located in said vehicle on said occasion."

A. "5(a) Mr. Cone was the only person on the bus at said time."

Appellees' proposition of law VI reads: "When the master is sued jointly with his servant, and the liability of the master is based upon the doctrine of respondeat superior, the giving of the affirmative charge on behalf of the master is error without injury where the jury verdict exonerates the servant." In support of that assertion, appellees cite Rose v. Harris (Ky.Ct. of App., 1952), 253 S.W.2d 399; Freeman v. Churchill, 30 Cal.2d 453, 183 P.2d 4; Barone v. Winebrenner, 189 Md. 142, 55 A.2d 505; Barrett v. Schmidt (1963), 134 Ind. App. 456, 189 N.E.2d 587; Ager v. Baltimore Transit Company, 213 Md. 414, 132 A.2d 469; Leimbach v. Bickford's, Inc., 214 Md. 434, 135 A.2d 633; Stone v. Bartsch, 76 N.D. 721, 39 N.W.2d 1; Kelley v. Curtiss, 16 N.J. 265, 108 A.2d 431; Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320.

Our *Kendrick* case, supra, is not in point. The other cases just listed above all tend to support the general statement for which they were cited in appellant's brief. But none of them is factually similar to the case at bar.

In the instant case, the trial court has granted a new trial to appellant as to the master, but has denied a new trial as to the servant, and appellant complains of that denial because he has achieved nothing of any substance in obtaining a new trial against the master alone. In the cases listed above, except *Kendrick,* the appellant was complaining on appeal from a judgment in favor of the servant based on a jury verdict for the servant and of the trial court's action in giving affirmative instructions in favor of the master. In applying the rule of error without injury in those cases, the courts did not thereby sanction such a result as would be reached in this case if we affirmed the trial court.

There is yet another distinction between the cases last cited above and the instant case. In none of the listed cases does the opinion disclose that any member of the jury manifested any concern over the plight of the servant if a verdict should be rendered against him, the master having received a directed verdict in his favor. But in this case such a concern was, we think, demonstrated on the part of Juror Conrad, who may or may not have expressed the concern of other members of the jury as well as his own. The transcript of the record on pages 229 and 230 discloses the following:

"(Whereupon, proceedings were in recess from 10:10 A.M., until 3:00 P.M., whereupon, the jury returned for additional instructions, at which time, the following occurred:)

"THE COURT: Did you want to ask the Court something—make some observation about your situation—what is it?

"MR. ROBINSON: Here is the question that came up, Judge. The jurymen, they may have some other questions they will have to—

"THE COURT: I prefer that you—but that is not necessary. The individuals—I will listen to them if you don't fully make clear what they have in mind.

"MR. ROBINSON: All right, sir. This question came up: Why Mr. Cone is not liable for damages he sustained, as stated by the plaintiff, Mr. Ross.

"THE COURT: Well, of course, that is a question which has been submitted to you to decide from the evidence and the law. You say, why is he not liable. That is what you gentlemen are here to decide, whether or not he is liable under the evidence and the law. The Birmingham Transit Company, now, if that is what somebody had in mind—as to why the Transit Company is not liable, I am prepared to answer that question.

"MR. ROBINSON: We understand that, sir, the Transit Company—you ruled that out of the trial.

"THE COURT: That is right. Of course, the jury was demanded—and I want a verdict in the case responsive to the issues and directions of the Court to you. That is why I included in each form verdict that I gave you—but the question of the liability of Mr. Cone is entirely submitted to you for your decision from the evidence, as you found it to be and the law as given to you. Now, is there any other question. Don't be backward about it. We want to give everybody an opportunity. Yes, sir. Now, just give us your name, for the record.

"MR. CONRAD: John F. Conrad, Jr. It's not clear in my mind—the law said that it would not harm Mr. Cone personally or wouldn't cost him any money. That is the question that came up in my mind. If it wouldn't harm him personally or cost him any money.

"THE COURT: Gentlemen, any time the judgment is rendered against an individual, that is a monetary judgment against that individual.

"MR. CONRAD: Yes, sir."

\*　　\*　　\*　　\*　　\*　　\*

In view of Juror Conrad's question, we simply cannot say that the giving of a directed verdict in favor of BTC did not work to the disadvantage of appellant in his efforts to recover from Cone.

■ A party may appeal from a judgment rendered against him and have reviewed not only the judgment and all rulings in the proceedings leading up to it, but also the action of the court in overruling his motion for a new trial. Shepherd v. Clements, 224 Ala. 1, 141 So. 255, and authorities cited. See Emerson v. State, 241 Ala. 383, 4 So.2d 186.

In view of the foregoing, appellant's application for rehearing is granted and the

**258**

judgment of the trial court denying appellant, plaintiff below, a new trial against appellee Cone is reversed and the cause is remanded.

Application for rehearing granted.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.